(37 South. 880.)

No. 15,274.

LICHTENTAG v. FEITEL et al.

(Jan. 16, 1905.)

BUILDING CONTRACT—BOND—CLAIMS OF LA-BORERS—LIABILITY OF SURETY—CONSTRUCTION.

1. Though a bond (taken 23 days after the signing of the building contract, after the work has so far progressed that two payments are exigible, and are made immediately, and which is recorded 3 days later) may not, under the act of 1894 (page 223, No. 180), serve to protect the owner against the claims of laborers and materialmen, nevertheless it does not follow that the surety on such bond incurs no obligation thereby, and it would be against good conscience so to interpret the law in a case where it appears that the bond was signed with the deliberate purpose of enabling the surety to hold the contract, and that he not only signed the bond, but held himself out as the responsible party; that he caused the contractor to assign to him the entire amount called for by the contract, and, collecting the greater portion of said amount, disbursed the same as he pleased (paying himself in full for material furnished by him); that he induced the contractor, whose position had become merely nominal, to abandon the work, and wrote to the owner, "You will please complete the work at my expense;" and that he thereafter instructed the owner as to payments to be made for labor previously furnished under the contract. Such acts would be enough to bind the party to those who may have been influenced or affected by them if he had signed no bond at all.

2. Where a contract contemplates the erection of a building by means of labor and material to be furnished at the expense of the contractor, and a bond is given for the faithful discharge of the obligations of the contract, of which it especially takes cognizance, the obligation to pay for labor and material is secured by the bond, though not specifically mentioned therein.

(Syllabus by the Court.)

Certiorari to Court of Appeal, Parish of Orleans.

Action by Widow Isaac Lichtentag against M. Feitel and others. Judgment for plaintiff was affirmed by the Court of Appeal, and M. Feitel applies for certiorari or writ of review. Dismissed.

Armand Romain and Solomon Wolff, for applicant. McCaleb, McCaleb & Leopold, for respondent Mrs. Lichtentag.

### Statement of the Case.

MONROE, J. The record, which has been sent up in compliance with the order of this court, discloses the following facts, to wit:

On May 15, 1902, Mrs. Lichtentag entered into a written contract with John H. Petry, whereby the latter agreed to furnish all material and labor necessary and build for her three houses, for the sum of $3,485, payable (1) "$500 when the foundations, sills and joists are laid"; (2) "$500 when frames are raised"; (3) "$500 * * * when second coat of plaster is on"; (4) "$500 when buildings are completed and accepted by the owner or her agent"; the last and final payment, to wit, $985, to be made within 15 days after the work shall have been completed. The contract contained the following, among other, stipulations, to wit:

"Inasmuch as the contractor has not furnished a security at the signing of this contract but agrees and binds himself to do so before the foundations, sills and joists are laid, therefore, it is hereby expressly agreed and understood that none of the payments above contemplated are to be made to the contractor until such bond or security is furnished."

Work must have been begun under this contract as soon as, or very shortly after, it was signed, for upon June 7th the contractor gave the bond referred to, with Maurice Feitel as surety, and upon the same day addressed to Mrs. Lichtentag a communication reading as follows:

"You are hereby authorized to pay over to Mr. Maurice Feitel all payments due, and to become due, on building contract executed before Arthur B. Leopold on May 15, 1902, on lot of ground on Terpsichore bet. Camp & Magazine, upon taking his receipt therefor."

Acting under this authority Mrs. Lichtentag upon that day paid to Maurice Feitel $1,000, and took a receipt reading:

"New Orleans, June 7, 1902. Received from Mrs. Isaac Lichtentag, for account building contract J. Henry Petry, one thousand dollars, being 1st and 2nd payments due on same. [Signed] M. Feitel."

The bond in question, executed before a notary public June 7, 1902, reads as follows:

"Personally came and appeared Maurice Feitel, who, after taking full cognizance of the foregoing building contract, declared that he hereby binds himself, jointly and in solido with John H. Petry, in the full sum of $3,485 for the faithful performance and execution, by the said Petry, contractor, of the said contract, in conformity with the plans, drawings, specifications and general instructions therein specified and referred to as a part thereof, which have been submitted to, and examined by, said surety; and, for the payment of the same, the said surety, Maurice Feitel binds himself, his heirs and assigns, firmly, by these presents. The condition of this obligation is such that if the said John Petry, contractor, shall commence, prosecute and finish said buildings and work, in the manner, and within the time, specified in said contract, and in conformity with said plans, drawings and specifications and general instructions, and shall, in every respect, comply with the conditions of said contract, then, this obligation is to be null and void, and the said surety discharged, otherwise, same shall remain in full force and effect."

The contract and bond were both recorded in the mortgage office June 10, 1902, and thereafter, work progressing in the meanwhile, on June 28th, the third payment, of $500, and on July 21st the fourth payment, of $500, were made to Feitel. On August 19th Petry addressed a communication to Mrs. Lichtentag which concludes with these words:

"I beg to say that, realizing my inability to finish same [referring to the building which he had contracted to erect] according to the plans and specifications, I wish, now, to notify you that I hereby abandon the work."

And upon the same day and paper Maurice Feitel wrote:

"Mrs. Isaac Lichtentag: Mr. Petry having abandoned the work, you will please complete the same at my expense."

Upon the same day, on another paper, he wrote to Mrs. Lichtentag:

"Please pay the labor bills now in the hands of Mr. Bartley, less amount due grocer by the various workmen, as per bill of Holmes Bros."

And on the following day, August 20th, he wrote Mrs. Lichtentag's agent:

"Please send me copy of contract and bond of Petry. I am trying to find a way to get at him, either criminally or civilly, as I understand his wife has property in her name."

Mrs. Lichtentag accordingly proceeded to complete the work, and, in so doing, made the following disbursements, to wit:

| | |
|---|---:|
| For labor or material which had been furnished to Petry | $188 65 |
| For labor and material after she took charge | 723 95 |
| Total | $912 60 |
| Adding amount paid to Feitel | 2,000 00 |
| | $2,912 60 |
| Balance called for under the contract | 572 40 |
| | $3,485 00 |

The buildings were completed, to the extent, at least, that they were accepted, about September 1, 1902. In the meanwhile, or thereafter, itemized and attested bills for materials furnished were served on Mrs. Lichtentag, and recorded in the mortgage office, to operate as liens upon the property, as follows:

| | |
|---|---:|
| Lambert Bros | $177 50 |
| Philip Fath | 155 40 |
| R. J. Downey, Ltd. | 34 76 |
| Frederick Keff | 150 00 |
| Jas. Demourelle & Sons | 42 80 |
| Mrs. Gustave Pitard Exctx | 211 79 |
| Louis F. Dow | 50 80 |
| L'Hote Lumber Mnfg. Co. (bill not shown to have been served or recorded) | 1,019 74 |

And on November 26th and 28th suits were brought by Lambert Bros., Philip Fath, and Frederick Keff against Mrs. Lichtentag, Petry, and Feitel.

In the situation thus brought about, Mrs. Lichtentag, upon November 26th, filed a petition in the civil district court, alleging, in substance, that no attested account had been

served or recorded within the time prescribed by law; that she was threatened with suits; that the recorded claims exceeded the balance in her hands; that Feitel was liable for the amount of the excess; praying that she be allowed to deposit $372 as such balance, after deducting $200 for costs; and further praying that the parties above named (with the exception of L'Hote Company), including also Jno. H. Petry and M. Feitel, be cited, and, after due proceedings had, that there be judgment decreeing that "the amount of claims alleged exceed the sum for which petitioner is liable; * * * that all liens and privileges inscribed in the mortgage office be canceled and erased; and that petitioners be discharged from further responsibility in the premises"; and for costs and attorney's fees, and a reservation of her right to proceed against Feitel upon, and to recover damages growing out of the nonexecution of, the contract. Into the suit so filed came L'Hote Company by way of intervention, and, setting up its claim for $1,074.74, alleged that the plaintiff had not required the bond as provided by Act No. 180 of 1894, and prayed for judgment against her, Petry, and Feitel in solido for the amount of the same. Feitel answered, denying liability on the ground that the bond had not been signed until the work had been in progress for several weeks, and had not been recorded within the time prescribed by law, and on the further grounds that he had no control over the work; that the amounts alleged by plaintiff to have been paid by her had not been paid; that plaintiff had made herself liable for all bills for labor and material; and that "he, having no interest in said contract," was in no way liable. Petry answered that to the knowledge of the plaintiff he had transferred his rights and obligations under the contract in question to Feitel by a notarial contract, whereby he was to receive and did receive $3 a day for his services in superin-

tending the work, and that he was therefore not liable to plaintiff. The other parties defendant answered variously, some praying judgment against the defendants Petry and Feitel in solido, others praying judgment against plaintiff, or, in the alternative, and in the event that it should be held that the bond was legal and the surety solvent, against Petry and Feitel, for any balance found to be due them, respectively, after the distribution of the fund in court.

The different suits which had been brought were consolidated with the concurso. It was shown affirmatively that Petry received absolutely nothing from the plaintiff, and whilst he did not appear as a witness and support by his testimony his allegations that Feitel, by notarial act, had assumed the contract, and that he (Petry) was paid $3 a day for superintending the work done under it, it was abundantly shown that Feitel held himself out as the responsible party; that the bills were sent to his office, and that he paid some and promised that others should be paid; and our conclusion as to the fact is that he assumed and controlled the execution of the contract from the time that he signed the bond, as he indisputably received the installments of payment from that time. In this connection it may be remarked that Feitel stated in the course of his testimony that he would furnish an itemized account of his disbursement of the $2,000 received by him from the plaintiff, but he does not appear to have done so. The plaintiff, however, furnished such an account of the disbursements made by her after she took charge of the work. The various claims of the intervener and defendants were established by proof, and in fact were practically undisputed.

The district court rendered judgment in favor of Mrs. Lichtentag and against all parties made defendants by her, as also against L'Hote Company; ordering a distribution of

the balance of $572.40, less the amount expended in costs; directing that all liens recorded against her property be erased, and reserving to her the right to proceed against Feitel as prayed for in her petition; and further decreeing that the demands of the other defendants against her be rejected, with a reservation of their right to proceed against her in the event of their being unable to realize the amount of their claim "out of Maurice Feitel," and in the event of his insolvency. And the court gave further judgment in favor of said intervener and defendants (reconvening) for the amount of their claims, respectively, against Petry and Feitel in solido, and condemned the parties last mentioned to pay all costs. From the judgment so rendered, Feitel and L'Hote Lumber Company appealed suspensively to the Court of Appeal, where the judgment appealed from was affirmed. Feitel alone has applied to this court for relief.

## Opinion.

Act No. 180, p. 223, of 1894, in so far as it is necessary to quote it, reads:

"Any person who makes a contract for $1,-000 and over with a * * * contractor * * * to * * * construct a building shall require * * * of the contractor * * * good and solvent security, to the full amount of the contract, for the payment of all the workmen, mechanics and laborers and all those who furnish materials and supplies, actually used in the building; and each workman, laborer, mechanic and furnisher of materials shall have his individual right of action against the said security; and should the owner fail to require of the contractor such good and solvent security, and to record the contract, with the bond and security, in the mortgage office, describing, and giving the name of, the security, within one week after the contract is signed, and before the work is commenced, such owner shall be personally liable for all balances due to the workmen, laborers and furnishers of materials used in the building, and they shall have a privilege on the land and building, if they record their sworn bills, whether the original contract is recorded or not, provided the bond and security hereinbefore provided for shall continue in force and effect only ninety days after completion of the * * * building, contracted for," etc.

Applying this law to the facts stated, it is evident that it was not complied with in the instant case, since the contractor was not required to give the bond within one week after the contract was signed and before the work was commenced, but gave it twenty-three days after the contract was signed, and so long after the work was commenced that nearly four-sevenths of the entire amount called for by the contract had become due and had been paid, and it was three days later still before either the contract or the bond were recorded as required by law. Under these circumstances it would seem that the materialmen had some ground for their contention that they were entitled to judgments against Mrs. Lichtentag, with recognition of privileges on her property; but, as they are not complaining in this court, that aspect of the case need not be further considered. The question remains: Did the failure of Mrs. Lichtentag to require and record the bond within the time fixed by the statute necessarily release Feitel, if he was otherwise bound, with respect to the claims of the materialmen? We think not. The statute provides that, should the owner fail to require and record the bond "within one week * * * such owner shall be personally liable," etc.; but it does not provide that a surety who signs such a bond, after the delay mentioned, with the deliberate purpose of holding the contract for his own advantage, shall thereby incur no obligation; and it would be against good conscience so to interpret the statute, where, as in the present case, the surety has not only signed the bond, but has held himself out as the responsible party; has caused the contractor to assign to him the entire amount called for by the contract, has collected four-sevenths of that amount and disbursed it as he pleased (paying himself in full for material furnished by him); has induced the contractor, whose position has become merely nominal, to abandon the work; has writ-

zen to the owner, "You will please complete the same at my expense;" and has instructed the owner as to payments to be made for labor previously furnished under the contract. These acts would be enough to bind Feitel, for the purposes of the judgments which have been rendered against him, if he had signed no bond at all. But assuming, arguendo, that they are not, let us inquire into the proposition submitted by his ingenious counsel that the obligation to pay for labor and material furnished under Petry's contract is not included in the bond signed by him. According to that bond, Petry and Feitel obligate themselves in solido for the faithful execution of Petry's contract to build certain houses in conformity to a plan and specifications, which Feitel acknowledges in the bond that he has examined; and the condition of the bond is that, if Petry shall commence, prosecute, and finish said building and work in the manner and within the time specified in said contract, and in conformity with said plans, drawings, and specifications, and general instructions, and shall in every respect conform and comply with the conditions of said contract, "then this obligation is to be void; otherwise to remain," etc.

It seems hardly necessary to say that the contract and specifications contemplate that the contractor shall furnish all the necessary labor and material at his own expense, and hence that, although he may have finished the work, the contract is not complied with if he has left the owner to pay for such labor and materials, or any part of it.

We are therefore of opinion that the applicant has no good reason to complain of the judgment which has been made the subject of review, and it is accordingly ordered, adjudged, and decreed that this proceeding be dismissed at his cost.

BREAUX, C. J., concurs in the decree.

NICHOLLS, J., also concurs in the decree.