(38 South. 175.)

No. 15.489.

HUGHES v. SMITH et al.

(Feb. 27, 1905.)

**BOND OF BUILDING CONTRACTOR—CONDITIONS —RIGHTS OF LABORERS AND MATE-RIALMEN.**

1. A building contractor's bond in favor of the owner, and for the full amount of the contract price, conditioned that the contractor shall "comply with all the conditions and perform all the undertakings stipulated, and pay off all claims for labor and materials of each and every description and hold the owner free for all time," is not such bond as is required by Act No. 180, p. 223, of 1894, to secure the payment of workmen, laborers, and mechanics, and the furnishers of supplies and materials.

2. Such statutory bond should be "to the full amount of the contract," to secure the payment of the classes of persons mentioned in the statute, and the beneficiaries should be designated with reasonable certainty as the obligees of the instrument. A bond absolutely in favor of. the owner does not meet the statutory requirements, where it does not plainly appear that the surety intended to bind himself to the full amount in favor of the beneficiaries of the statute.

(Syllabus by the Court.)·

Action by W. T. Hughes against W. J. Smith and others. Judgment for plaintiff was reversed by the Court of Appeal, and plaintiff applies for certiorari or writ of review. Reversed.

Slattery & Slattery, for plaintiff. Herndon & Herndon, for defendants Hoss.

LAND, J. Plaintiff sued defendant in solido to recover $110, balance due on a subcontract for tiling and wainscoting a .certain hotel building in the city of Shreveport.

Defendant W. J. Smith was the contractor, and the other defendants are the owners of the building.

The cause of action, as against the owners, is "that they failed to take a sufficient bond, as required by law statutes, to secure the payment of laborers, subcontractors, and materialmen."

The district court rendered judgment in favor of the plaintiff against all the defendants in solido. The owners appealed therefrom to the Court of Appeal, which reversed the judgment of the district court.

The Court of Appeal said, "The sole question at issue is whether or not the bond which was taken by the said owners from the contractor meets the requirements of the law," as set forth in Act No. 180, p. 223, of 1894. After reciting the provisions of the statute, the court proceeded as follows:

"The bond in this case was for the full amount of the contract price, and it was duly recorded on the day it was signed. It is in favor of Mrs. Frances Hoss and Miss Leigh Hoss, the owners of the building, and its conditions are as follows: 'The condition of this obligation is such that, whereas, the said contractor has entered into the attached contract, now, therefore, should he or they, well and faithfully comply with all the conditions and perform all of the undertakings stipulated, and pay off all claims for labor and materials of each and every description, and hold the owner free for all time, then this obligation shall be null and void, otherwise to remain in full force and effect.'"

The court concluded that the bond was a substantial compliance with the provisions of Act No. 180, p. 223, of 1894, and inured to the use and benefit of all persons furnishing labor and materials for the erection of the building. The bond, as interpreted by the Court of Appeal, has two conditions—one exclusively in favor of the owners, and the oth-

er nominally in favor of the owners, but really in favor of the furnishers of labor and materials; the surety binding himself in a single sum for both purposes. Under such a bond, in the case of default in both of the conditions, the sum paid or collected would have to be distributed between the owners and the furnishers of labor and materials. The statute, on the other hand, requires "good and solvent security to the full amount of the contract for the payment of all the workmen, mechanics and laborers and all those who furnish materials and supplies." It is manifest, we think, that a bond where such amount is made divisible between the owner and the statutory beneficiaries does not meet the requirements of the law.

The bond referred to is the usual obligation to secure the faithful performance of the building contract thereto attached, and its express object is to indemnify the owners and to hold them harmless. There is no stipulation in the bond in favor of third persons. The reference therein to the payment of all claims for labor and materials is to be construed with the stipulations of the building contract, from which it appears that the object of the owners was to protect themselves against such claims. We make the following extract from said contract:

"If at any time there shall be evidence of any lien or claim for which, if established, the owner or the said premises might become liable, and which is chargeable to the contractor, the owner shall have the right to retain out of any payment then due or thereafter to become due an amount sufficient to completely indemnify him against such lien or claim. Should there prove to be any such claim after all payments are made, the contractor shall refund to the owner all moneys that the latter may be compelled to pay in discharging any lien on said premises, made obligatory in consequence of the contractor's default."

The bond secures the owners against all claims for labor and materials and against the default of the contractor, but whether it secures the workmen, mechanics, and laborers, and the furnishers of materials, as provided by the statute, is another and different question. It does not do so directly or by necessary implication. It is argued that the bond contains a stipulation pour autrui in favor of the statutory beneficiaries. It was held in the Le Sassier Case, 106 La. 389, 31 South. 7, that a condition in a bond that a contractor "shall fully pay all subcontractors, laborers, workmen and furnishers" was not such a stipulation in their favor as would give them a right of action on the bond. It is true that the decision of the case did not involve an interpretation of Act No. 180, p. 223, of 1894, but nevertheless it is authority for the proposition that such a condition does not operate in favor of third persons. Act No. 180, p. 223, of 1894, does not give a right of action to the furnishers of labor and materials on such a bond, but requires the owner to exact from the contractor unconditional security in their favor for the full amount of the contract price, regardless of the performance of the building contract. The statute does not direct who shall be named as obligee or obligees in the bond, but it should clearly appear from the terms of the instrument that it was intended to secure the statutory beneficiaries, who are the real obligees.

In the case of Neith Lodge, 111 La. 213, 35 South. 524, the bond was conditioned for the performance of the contract, and that the contractor should "comply with Act No. 180 passed by the Louisiana Legislature in 1894, and amended by Act No. 123 of 1896, by paying all workmen, laborers and mechanics and all those who furnish supplies and materials actually used in the building." That, however, was a suit by the owner against the surety on the contractor's bond; one of its conditions being that he should pay the laborers and materialmen, as required by the act of 1894.

In the case of Widow Isaac Lichtentag v. Feitel et al. (recently decided by this court) 37 South. 880,[1] we held that the surety by his

---

[1] 113 La. 931.

actions and conduct had substituted himself for the contractor, and was estopped to deny his liability for materials furnished.

Act 180 of 1894 was intended to give a plain and adequate remedy to workmen and furnishers of material, by requiring the owner, under penalty of personal liability, to see that the contractor give good and solvent security, "to the full amount of the contract," for the payment of their claims. This means that the surety shall bind himself to pay said full amount to the statutory beneficiaries. If the bond in question can be construed as containing a stipulation in favor of such beneficiaries, it at the same time secures the owner as to the performance of the contract, and is therefore joint as to the obligees. The statute does not contemplate a bond of such a character. As a matter of practice, a separate statutory bond should be given. If, however, but one bond be executed, then its terms should plainly bind the surety to pay the full amount of the contract price to workmen and materialmen as provided by the act of 1894.

It is therefore ordered, adjudged, and decreed that the judgment of the Court of Appeal be annulled, avoided, and reversed, and that the judgment of the district court be reinstated and affirmed; the original appellants to pay all costs incurred in both appellate courts.

BREAUX, C. J., concurs in the decree.