LAND, J.
The opinion of the Court of Appeal, so far as necessary to consider the question raised on this writ of review, reads as follows:
“The plaintiff, a furnisher of materials, sues Levy, an owner, and Dugué, a contractor, in solido, for the price of certain wood work alleged to have been ordered by Dugué, and to have been used on Levy’s building then in course of erection.
“He avers that the building contract was for more than $1,000, and that Levy, not having required of Dugué the security provided by Act No. ISO, p. 223, of 1894, has made himself personally liable for the value of the material. Levy called in warranty the Fidelity & Deposit Company of Maryland, the surety on Dugué’s bond.”
There was judgment in favor of plaintiff against Dugué for $933.75 and against Levy for $106, and further judgment in favor of Levy and against the Fidelity Company for $106. Dugué, Levy, and the Fidelty Company have appealed, and appellee has not asked for any amendment of the judgment.
The wording of the bond, as far as pertinent to the present issue, is as follows:
“Appearers [the Fidelity Company] do hereby guaranty to the said Samuel Levy the faithful performance of the said contract by said Joseph Dugué, contractor, and bind said Fidelity & Deposit company in favor of the said Samuel Levy, in the full and true sum of $7,500. Now, the condition of the foregoing bond is such that, if the said Joseph Dugué, contractor, shall well and truly and faithfully do and perform all and singular the requirements of the foregoing contract, strictly in accordance with the specifications and plans, and to the satisfaction of said Samuel Levy, owner, then the above-written bond or obligation shall be null, void, and of no effect, but otherwise to be and remain in full force and effect.
“One of the requirements of the contract secured by the bond is that Dugué bound himself at his own cost, charge and expenses, for all labor, material and other charges.”
On the authority of Hughes v. Smith et al., 114 La. 297, 38 South. 175, the Court of Appeal held that the contractor’s bond in question is not such a bond as is required by Act No. 180, p. 223, of 1894, to secure the payment of workmen, laborers, mechanics, and the furnishers of materials, and consequently that the owner of the building became personally liable under the terms of the statute to the plaintiff.
In the case cited the bond was much clearer and stronger in its conditions than the bond in the case at bar. It was conditioned that the contractor should “faithfully comply with all the conditions and perform all of the undertakings stipulated, and pay off all claims for labor and materials of each and *349 every description, and hold the owner free for all time.” This court held that such a bond was not a compliance with the requirements of the statute, as it did not bind the surety to pay the full amount of the contract price to workmen and materialmen, as provided by the act of 1894. In the ease at bar the condition is confined to the performance of the contract in accordance with the specifications and plans and to the satisfaction of the owner. In the contract itself there is no reference to claims for labor or material; the contractor merely binding himself to construct the building, “at his own cost, charge and expenses, for all labor, material, cartage and other charges and costs.”
This stipulation simply means that the contractor, and not the owner, was to pay the cost of construction. In the Hughes Case there was color for the contention that the condition of the bond included a stipulation pour autrui. But this court held that the bond and building contract taken together did not disclose the intent of the surety to bind himself as required by Act No. 180, p. 223, of 1894. In case at bar the bond is much weaker, as its sole condition is the performance of the contract “in accordance with the specifications and plans.” The bond is in favor of the owner, and there is no reference in its provisions to claims for labor and material or to Act No. 180, p. 223, of 1894. The obligation of a surety cannot be extended beyond the plain letter of his contract.
The argument of relator that the decision in the Hughes Case is not applicable because of difference in the condition of the bonds is without force.
Relator, however, further contends that the bond in this case and the bond in the case of Lichtentag v. Feitel, 113 La. 931, 37 South. 880, are identical in phraseology, meaning, and intent, and therefore that this case should be decided in accordance with the law as enunciated in that decision. Relator says:
“The Hughes-Smith Case does not overrule your honor’s decision in the Lichtentag Case, yet the two decisions are totally irreconcilable, and one of the two must be overruled.”
In the Hughes Case this court said:
“In the case of widow Isaac Lichtentag v. Feitel et a 1. (recently decided by this court) 37 South. 880,[1] we held that the surety by his actions and conduct had substituted himself for the contractor, and was estopped to deny his liability for materials furnished.”
That case was not a suit on the bond, but a concursus provoked by the owner, who deposited in court the balance due by her to the contractor. The bond had not been recorded as required by the statute, and therefore the liability of the owner fqr labor and materials was undisputed.
The district court ordered a distribution of the fund, and reserved the right of the defendants to proceed against Mrs. Liehtentag in the event of their being unable to realize the amount of their claims out of Feitel. This judgment was rendered on the theory that Feitel, nominal surety, was really the contractor by substitution and therefore primarily bound. Feitel alone applied for a writ of review. This court, after reviewing the facts, said:
“These acts would be enough to bind Feitel, for the purposes of the judgments which have been rendered against him, if he had signed no bond at all.”
After reaching this conclusion, which disposed of the controversy, the organ of the court, “assuming arguendo” that the acts of Feitel did not in law justify the judgments against him, proceeded to discuss the proposition of his counsel “that the obligation to pay for labor and material furnished under Petry’s contract is not included in the bond signed by him.” The conclusion on this proposition is thus expressed:
“It seems hardly necessary to say that the contract and specifications contemplate that the contractor shall furnish all the necessary labor and material at his own expense, and hence *350 that, although he may have finished the work, the contract is not complied with if he has left the owner to pay for such labor and materials or part of it.”
The obligation of the contractor and surety to the owner is one thing, and the obligation of the surety to third persons is another. It is nowhere stated in the opinion in that case that the bond contained a stipulation in favor of workmen and furnishers of materials, as required by the act of 1894. No such ruling could have been made without overruling the Le Sassier Case, 106 La. 389, 31 South. 7, where it was held that a bond in favor of the owner and conditioned that the contractor “shall fully pay all subcontractors, laborers, workmen and furnishers” does not contain such a stipulation in their favor as would give them a right of action on the bond. In the instant case the bond was given to secure the faithful performance of a building contract. The owner was the sole obligee. The contractor simply bound himself to defray the cost of construction. There is nothing in the contract or bond to indicate that the surety bound, or intended to bind, itself to secure the payment of workmen and furnishers, as required by Act No. 180, p. 223, of 1894.
In the Hughes Case we considered this matter very fully, and held that “it should clearly appear from the terms of the instrument that it was intended to secure the statutory beneficiaries, who are the real obligees.” In the same case we further said:
“As a matter of practice a separate statutory bond should be given. If, however, but one bond be executed, then its terms should plainly bind the surety to pay the full amount of the contract price to workmen and material-men as provided by the act of 1894.”
In the instant ease, the bond does not even indicate an intent to comply with the statutory requirements; and the ruling of the Court of Appeal on this issue is manifestly correct.
The next contention of relator is that the Court of Appeal erred in reversing the judgment of Levy against the surety company on the call in warranty. As said by the court a qua:
“The obligations of the latter were merely to guaranty Dugué’s faithful performance of his contract.”
In Dugué v. Levy (recently decided by this court) 37 South. 995,[2] we held that Dugué was not in default for nonperformance of his obligations, and that Levy himself took the work out of the hands of the contractor and thereby put an end to the building contract. The Court of Appeal based its ruling on our decision -in Dugué v. Levy, where the case was remanded for further evidence on the respective demands of the contractor and the owner. Until this controversy be determined, it cannot be said that Dugué is indebted to Levy under the building contract. If the latter satisfies the judgment rendered herein against him, the amount so paid will constitute a factor in the settlement of accounts between the parlies as a charge against Dugue. The question of the liability of the surety cannot arise until it is determined that the contractor is indebted to the owner for nonperformance of the obligations of the building contract. We therefore think that the judgment of the call in warranty should have been one of nonsuit.
It is therefore ordered that the judgment of the Court of Appeal be modified and amended, so as to dismiss- the demand in warranty of Levy against the Fidelity & Surety Company as in case of nonsuit, and in other respects said judgment remain undisturbed; the said surety company to pay the costs in this court.

 113 La. 931.

 114 La. 21.