DEMOURELLE v. VASQUEZ

---

(May 10, 1926. Opinion and Decree.)
(May 24, 1926. Rehearing Refused.)
(June 30, 1926. Writ of Certiorari and Review Denied by Supreme Court.)

---

(Syllabus by the Court)

1. Louisiana Digest—Builders and Buildings—Par. 29; Mechanic's Privileges—Par. 45.

Parties who have not complied with Act 262 of 1916 cannot claim the benefit of its provisions.

2. Louisiana Digest—Builders and Buildings—Par. 5, 29; Mechanic's Privileges—Par. 45.

Act 229 of 1916 applies to building contracts where the owner has not complied with Act 262 of 1916.

3. Louisiana Digest—Builders and Buildings—Par. 5, 19; Mechanic's Privileges—Par. 19, 46.

Owners who have not complied with Act 262 of 1916 by recording contract and furnishing bond are liable as sureties to materialmen and laborers.

**4. Louisiana Digest—Mechanic's Privileges —Par. 23.**

Under Sections 2 and 3 of Act 229 of 1916 material men who have recorded their claim within 45 days of acceptance of building have a privilege upon the building and land.

Appeal from the Civil District Court, Division "E". Hon. Wm. E. Byrnes, Judge.

Action by James Demourelle against Emanuel B. Vasquez.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Emile Pomes, of New Orleans, attorney for plaintiff, appellee.

Charles Louque, of New Orleans, attorney for defendant, appellant.

OPINION

CLAIBORNE, J. This is a suit by a material man against the contractor and the owner.

The plaintiff alleged that on March 29, 1920, the defendant, Kate Wichterick, owner, contracted with the defendant, Vasquez, contractor, to build a two-story residence at 135 Olympia street; that said contract was recorded on April 1, 1920, after the building had commenced; that on April 14, 1920, Kate Wichterick recorded in the mortgage office the following bond:

"And here in these presents intervened George P. Platt, who declared that he has taken full cognizance of the foregoing contract between Emanuel B. Vasquez, contractor, and Miss Kate Wichterick, owner, signed March 29, 1920, and he does hereby bind himself as surety for said contractor in the full sum of $4000.00 in favor of said owner, for the true and faithful performance of said contract.

(Signed) "E. B. VASQUEZ.
"MISS KATE WICHTERICK.

"This done and passed in my office in New Orleans, La., in the presence of Charles Louque and ————, competent witnesses, who signed with appearers this 7th day of April, 1920.

(Signed) "E. B. VASQUEZ.
"MISS KATE WICHTERICK.
"CHARLES LOUQUE.
"GEORGE P. PLATT."

That said bond was recorded in the mortgage office on April 14, 1920; that plaintiff sold and delivered to Emanuel Vasquez materials which were used in the construction of the building, No. 136 Olympia street, to the amount of $651.94; that said building has been delivered to Kate Wichterick, who is occupying the same, though no acceptance of it has been recorded in the mortgage office; that on August 26, 1920, plaintiff recorded his claim in the mortgage office and served on Vasquez and Kate Wichterick a copy of said claim; that the bond is made in favor of the owner only, and not in favor of the furnisher of materials and is not such a bond as the law requires; that the bond was given on April 7 and recorded on April 14, 1920, while the work on the building had commenced on April 5 or 6; that the failure of the owner to record the contract before the work was commenced, and to obtain a bond such as the law requires and to file the same before the work is commenced makes the owner, Kate Wichterick, liable to plaintiff for the amount of the materials furnished by plaintiff.

Plaintiff prayed for judgment against the contractor and the owner in solido with privilege on the building and land.

For answer, the defendant admitted that the building contract was made on March 29, 1920; that it was recorded April 1 and the bond was recorded on April 14, 1920, both within the thirty days provided by

the Act of 1916; that the bond was in favor of the owner; that there was no time fixed for the completion of the building; that there was no recordation in the mortgage office of any acceptance of the building; that by the terms of the Act of 1916 the bill of the furnishers of materials became due within ninety days of the execution of the contract; that plaintiff's bill thus became due on July 1, 1920, and plaintiff was allowed an additional forty-five days to record his privilege; that thus the time within which plaintiff could exercise his rights expired on August 15, 1920; that plaintiff registered his claim only on August 29, which was fourteen days too late; and defendant pleaded the prescription of forty-five days against plaintiff's claim for a privilege; defendant further denied the correctness of plaintiff's bill and that the prices charged were exorbitant; she admitted that she occupied the property by agreement with Vasquez, but that no acceptance had been made because the building was never completed according to contract; defendant denied all the other allegations of the petition.

There was judgment in favor of plaintiff against both defendants in solido for the amount claimed, $651.94.

Defendant, Kate Wichterick, has appealed.

The opinion of this court in Clark vs. Petivan, No. 9257, decided March 15, 1926, controls this case.

In that case we decided that the parties who had not complied with the requirements of Act 229 of 1916 could not avail themselves of its provisions but were relegated to Act 229 of 1916.

By the second last paragraph of Act 262 of 1916, p. 538, it is provided that "if the owner fails to exact bond, or if he fails to cause same to be recorded in the office of the recorder of mortgages in the manner or in the time hereinabove provided, the owner shall be in default and shall be liable to the same extent as the surety would have been". In other words, the owner by failing to require security of the contractor, himself assumes the responsibilities of a surety.

The evidence in the case shows that the contract was recorded after the work had commenced and so was the alleged bond.

The bond itself was deficient in being made in favor of the owner alone and not in favor of the materialmen and others as required by law. It was therefore tantamount to no bond at all. Such were the decisions of the Supreme Court in Salmen vs. Lesassier, 106 La. 389, 31 South. 7; Hughes vs. Smith, 114 La. 298, 38 South. 175; affirmed in Lhote vs. Dugue, 115 La. 669, 39 South. 803.

We must therefore decide that there was no bond in this case, and that none of the other formalities required by Act 262 were complied with, and that, therefore, the defendant owner is liable as a surety.

The plaintiff is also entitled to a privilege upon the building and upon the land. He recorded his claim in the mortgage office in the manner required by Act 229 of 1916, Sec. 2 and 3; prior to the acceptance of the building by the owner. The answer alleges and the testimony establishes that the building was neither completed nor accepted. Plaintiff therefore recorded his claim in time.

The correctness of the bill as to materials delivered and the price of same is fully established.

The judgment is therefore affirmed.