7229

## WARREN v. SHEALY.

1. DAMAGES—ISSUES.—Where certain issues are submitted to a jury and the *third* interrogatory as to damages is only to be answered in case the *first* is answered "no," there is no prejudicial error in withdrawing the third interrogatory from the jury where they answered the first interrogatory "yes," and their findings are adopted by the trial Judge.

MR. JUSTICE WOODS *dissents.*

2. AMENDING ANSWER.—Refusal to permit defendant during trial to amend his answer in view of answer by jury to interrogatories and in absence of abuse of discretion is not error.

3. CONTRACTS—DAMAGES.—Where one party to a contract is at fault in refusing to allow the other to perform his part of the contract, he who is at fault is liable for the full amount which was to be paid to the other.

Before WILSON, J., Lexington, February, 1908. Affirmed.

Action by J. W. C. Warren against S. L. Shealy. From judgment for plaintiff, defendant appeals.

*Mr. E. L. Asbill,* for appellant, cites: *Damages for breach of contract:* 23 Eng. Rul. Cas., 545; 78 S. C., 206. *Counterclaim may be set up:* 76 S. C., 20; 69 S. C., 430. *Amendments during trial:* 80 S. C., 213; 51 S. C., 412; 55 S. C., 90; 68 S. C., 419. *Rule of compensation for part performance:* 7 Ency., 152, note 4; 1 Am. R., 478.

*Messrs. Efird & Dreher,* contra, cite: *Punitive damages not recoverable in simple breach of contract:* 77 S. C., 192.

June 28, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The petitioner in this proceeding, which was commenced on the 20th of February, 1908, seeks the foreclosure of a mechanic's lien.

8—83

The petitioner alleges "that about the month of October, 1906, S. L. Shealy employed your petitioner as contractor to erect for him, on a lot in the town of Leesville, a wooden cottage. The contract between the parties was that the said S. L. Shealy should furnish all the material, and that your petitioner should do all the work, for the sum of two hundred and twenty-five dollars, to be paid in four instalments at certain stages of the work, the first three payments to be in the sum of fifty dollars, and the last payment of seventy-five dollars, at the completion of the work. The work was commenced about November 1, 1906, and as it progressed and as the first two instalments became due they were promptly paid by the said S. L. Shealy. The work was continued by your petitioner until January 15, 1907, at which date the said S. L. Shealy refused to permit your petitioner to continue the work and threatened him violence if he attempted to do so. At this time the third instalment of fifty dollars was due, and twenty-five dollars' worth of work in addition had been performed. On this amount the sum of ten dollars has been paid, leaving the amount due your petitioner by the said S. L. Shealy on the work actually performed on the building one hundred and fifteen dollars."

The defendant alleged that the work was to have been completed by the 15th of January, 1907.

The following additional facts are set out in the decree of his Honor, the Circuit Judge: "The defendant admits the contract and amount paid thereon, but alleges that plaintiff did not comply with the contract, in that he did not do the work in a workmanlike manner, nor did he do a first-class job, as he contracted to do. He also alleges that the work was very badly done, and the whole job so butchered up that he was compelled to hire carpenters to do much of it over and to complete the job. He also denies that he refused to let the plaintiff complete the work.

"It appears from the pleadings and evidence that the work was stopped on the job about January 15, 1907. It also appears from the record that plaintiff moved for a reference of issues raised, but this was resisted by the defendant, and at the last term of this Court Hon. George Johnstone, then presiding Judge in this Circuit, ordered the following issues sent to a jury: *First.* Was the work done by the petitioner on the building of the defendant done by him in accordance with the contract between the parties? *Second.* If you answer the first question, yes, how much, if anything, is due the petitioner by the defendant for the work done by petitioner? *Third.* If you answer the first question, no, then say whether the defendant has been damaged by the acts of the petitioner; and if you find he has, how much?

"These issues came on for trial before me, and, after taking the evidence on both sides, the petitioner moved to withdraw from the jury the third interrogatory, because the defendant had introduced no proof of damages. This motion was granted, and the two first interrogatories were submitted to the jury. They answered the first interrogatory, 'yes;' and the second, 'We, the jury, find for the petitioner the sum of $112.00.'

"The defendant made a motion for a new trial, on the ground that there was no evidence to support the verdict, and on the further ground that if there were evidence to support the verdict, it was not sufficient to warrant the finding of $112.00. The motion was refused on both grounds, for the reason that the evidence was conflicting, and it is the province of the jury and not the Judge to say which was correct. I, therefore, adopt the findings of the jury on the issues raised submitted to them and confirm them as my findings thereon."

From the judgment entered in favor of the petitioner the defendant appealed upon several exceptions.

We will first consider those exceptions assigning error on the part of his Honor, the presiding Judge, in withdrawing

from the consideration of the jury the third interrogatory, hereinbefore mentioned, on the ground that there was no testimony tending to show that the defendant had sustained damages. Conceding that there was such testimony, nevertheless, the ruling was not prejudicial to the rights of the appellant, as the third interrogatory was to be submitted to the jury only in case their answer to the first interrogatory was "no;" and the answer returned by the jury was "yes." These exceptions are overruled.

The record contains the following statement of facts: "Mr. Efird: During the argument I will ask your Honor to withdraw from the jury the last interrogatory. The Court: He says he paid $151. Mr. Efird: That is not a matter of damage. The fact that he paid out a certain amount of money is not mentioned as one of the elements of damage at all. Mr. Asbill: I ask to amend the answer to include the damage, which he paid out to have the contract finished—$151.45. To amend the counterclaim to conform to the proof. It can be submitted to the jury whether or not Shealy owes Warren anything. The Court: I am bothered only as to the counterclaim. Mr. Asbill: There is no proof here as to the exact amount."

The refusal to allow said amendment is made the basis of the second assignment of error.

The answer of the jury to the first interrogatory shows that the work performed by the petitioner on the house of the defendant was in accordance with the terms of the contract between the parties; thus showing that the defendant was at fault in refusing to permit the petitioner to complete the work. Under such circumstances the petitioner was entitled to recover the entire amount mentioned in the agreement, less the amount of the payments which he had received. *Latimer* v. *Cotton Mills*, 66 S. C., 135, 44 S. E., 559.

There would be quite a different question if the defendant had made a motion to amend his answer so as to claim the

benefit of any sums which the petitioner had earned, or by the use of reasonable diligence could have earned, after the defendant refused to allow him to continue the work, and before the expiration of the time reasonably necessary for the completion thereof.

Furthermore, it has not been made to appear that there was an abuse of discretion.

The last question argued by the appellant's attorneys arises out of the following exception: "Because there is no evidence to support the answer to the second interrogatory, wherein the jury found that the defendant was due the petitioner $112.00, when it is submitted that the question is, 'How much, if anything, is due the petitioner by the defendant for the work done by the petitioner?' And there is absolutely no proof that the work done was worth this amount." When a party to a contract is at fault, in refusing to allow the other party to perform his part of the contract, he who is at fault is liable for the full amount which was to be paid to the other.

The finding of the jury shows that the defendant and not the petitioner was at fault; and as the sum of $112.00 was the difference between the amount which the petitioner was to receive and the payments that were made to him, the finding of the jury was in accordance with the testimony.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.

MR. JUSTICE WOODS *dissenting*. I dissent. The plaintiff, Warren, and the defendant, Shealy, made a contract by which Warren agreed to build for Shealy a house. Shealy agreed to furnish all the lumber and pay Warren for the house two hundred and twenty-five dollars, in instalments. This proceeding was instituted to foreclose a mechanic's lien for a balance of one hundred and fifteen dollars alleged to be due Warren on the contract price. These issues were submitted to the jury: *"First.*

Was the work done by the petitioner on the building of the defendant done by him in accordance with the contract between the parties? *Second*. If you answer the first question, 'yes,' how much, if anything, is due the petitioner by the defendant for the work done by the petitioner? *Third*. If you answer the first question, 'no,' then say whether the defendant has been damaged by the acts of petitioner; and if you find he has, how much?"

The Circuit Judge instructed the jury that there was no evidence of damage to the defendant, Shealy, by the acts of the petitioner, Warren, and withdrew the third issue from the jury. I can not escape the conclusion that this was error. There was evidence that the work was very inferior in a number of particulars, and that the defendant was obliged to have some of it torn out and done over. There was evidence also that the defendant, in order to remedy these defects and complete the house, found it necessary to expend one hundred and fifty-one dollars and forty-five cents. This evidence tended to show breach of the contract on the part of the contractor and damage resulting therefrom. This being so, it seems to me it was error to withdraw the issue as to whether the defendant had been damaged by the acts of the petitioner, and the extent of the damage.

It does not seem a sufficient answer to say that this error was rendered immaterial by the finding of the jury, in response to the first issue, that the petitioner had done the work in accordance with the contract. The first and third issues were very closely connected. When the Circuit Judge instructed the jury that there was no evidence that the defendant had suffered any damage from any acts of the petitioner,—that is, from any breach of the contract by the petitioner,—it is highly probable, at least, that this opinion of the Court entered as an important factor into the jury's conclusion that the petitioner had not breached his contract.

Nor does it seem a sufficient answer to say that the defendant's witnesses did not estimate in dollars and cents the amount of damages. A description of the house and of the precise nature and extent of the defects appeared in the evidence, and thus a basis was furnished for the jury to make their own estimate of damages.