12351

SEARSON *ET AL.* v. SAMS *ET AL.*

(141 S. E., 107)

ATTORNEY AND CLIENT—ATTORNEYS, DISCHARGED WITHOUT THEIR FAULT, HELD ENTITLED TO RECOVER FROM CLIENTS CONTRACT PRICE, LESS AGREED REDUCTION FOR UNPERFORMED SERVICES.—Attorneys, employed under contract, who were dismissed from employment before their services were completely performed, without any fault on their part, *held* entitled to recover from clients contract price, less reduction for unperformed services to which they agreed.

Before MANN, J., Allendale, Spring Term, 1926. Affirmed.

Action by R. P. Searson and others against D. Sams, individually and as trustee for Pauline Sams Bull and Emmie C. Sams, and others. Judgment for plaintiffs, and defendants appeal.

*Messrs. Cole L. Blease and H. L. O'Bannon,* for appellants, cite: *"Necessity for counsel":* 50 S. C., 403; 65 S. C., 496. *Where an attorney had been retained on a specific contract and was discharged for a justifiable cause he may not recover compensation:* 9 Fed. (2nd), 562; 114 N. E., 46; 2 R. C. L., 1050; 2 Spear, 128; 63 S. C., 474; 66 S. E., 1060; 17 Am. Dec., 740. *Chitty on Pleading,* 309; 2 S. E., 392. *Directed verdict here was error:* 24 S. E., 1030.

*Messrs. George Warren and Thos. M. Boulware,* for respondent.

January 10, 1928.

The opinion of the Court was delivered by MR. JUSTICE BLEASE.

NOTE: As to remedy of attorney discharged without cause before completing service, or before expiration of time for which he was employed, see annotation in L. R. A., 1917-F, 406; 2 R. C. L., 1048; 1 R. C. L. Supp., 687; 4 R. C. L. Supp., 136; 6 R. C. L. Supp., 119.

The plaintiffs, who are attorneys at law, brought this suit to recover of the defendants certain attorneys' fees, and from the directed verdict in their favor the defendants appeal.

At the conclusion of all the testimony, both sides moved moved for a directed verdict, and it was agreed, as it appears from the record, that there was no issue for the jury. Mr. O'Bannon, attorney for the defendants, conceded, in making his motion, that there was a contract on the part of the defendants to pay the sum claimed by the plaintiffs, but contended that there had not been entire performance by the plaintiffs of the contract, and therefore the plaintiffs were not entitled to recover any sum thereon.

The proof was that some of the services were yet to be performed, but the defendants had dismissed the plaintiffs from the employment. It was not claimed that the dismissal was due to any failure of the plaintiffs to carry out their contract, or to any negligence in the performance of their duties. The plaintiffs agreed, both before and in the trial, to a reduction of the amount of the contract price for the services yet to be performed.

"When an attorney makes a contract to perform certain services for an agreed sum and the client, without any valid excuse or reason, discharges him or prevents the fulfillment of the contract, the attorney is entitled to recover the full contract price." 4 Cyc., 984.

"When a party to a contract is at fault, in refusing to allow the other party to perform his part of the contract, he who is at fault is liable for the full amount which was to be paid to the other." *Warren v. Shealy,* 83 S. C., 113; 65 S. E., 1.

Under the contract, as conceded by the defendants, the Circuit Judge was right in directing a verdict for the plaintiffs.

There are seventeen exceptions raising numerous questions as to the refusal to grant a continuance, failure to sustain a demurrer, admissions of testimony, and for refusal to direct a verdict for the defendants. Under our view, however, because of the concession made by the defendants on the motion for directed verdict, it is unnecessary for the Court to consider any of the exceptions, except the one to which we have referred.

The judgment of this Court is that the judgment below be, and it is hereby, affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN and STABLER concur.

MR. JUSTICE CARTER not participating.