See, also, Rector v. Gibbon, 111 U. S. 291, 4 Sup. Ct. 605, 28 L. Ed. 427.

Judgment affirmed.

---

(53 South. 550.)

Nos. 18,346 & 18,494.

LAKE CHARLES PLANING MILL CO., Limited, v. GRAND LODGE, I. O. O. F., et al.

(Oct. 31, 1910. Rehearing Denied Nov. 28, 1910.)

*(Syllabus by the Court.)*

1. BONDS (§ 35*) — BUILDING CONTRACTOR'S BOND—ENFORCEMENT.

A bond executed by a building contractor to secure workmen and furnishers of material, in a case not within the terms of Act No. 180 of 1894, may be enforced as a conventional obligation.

[Ed. Note.—For other cases, see Bonds, Cent. Dig. § 40; Dec. Dig. § 35.*]

2. PRINCIPAL AND SURETY (§ 66*)—BUILDING CONTRACTOR'S BOND.

The surety on such a bond is not liable for materials furnished at the request of the owner after the contractor had absconded.

[Ed. Note.—For other cases, see Principal and Surety, Cent. Dig. §§ 108–110; Dec. Dig. § 66.*]

Appeal from Civil District Court, Parish of Orleans; T. C. W. Ellis, Judge.

Action by the Lake Charles Planing Mill Company, Limited, against the Grand Lodge,

I. O. O. F., and others. Judgment for defendants, and plaintiff appeals. Affirmed.

Harry P. Sneed and J. W. Baker, for appellant. P. M. Milner, for appellee Fidelity & Deposit Co. of Maryland.

LAND, J. This is a suit by plaintiff, a furnisher of materials, against the Fidelity & Deposit Company of Maryland, as surety on the bond of Louis Malkus, a contractor, for the erection of a building for the defendant lodge.

The defendant surety company, after filing an exception of no cause of action, which was overruled, pleaded the general issue, and the prescription of 90 days provided by Act No. 180 of 1894.

There was judgment in favor of the plaintiff for $248.85, and the plaintiff appealed. The defendant has also appealed.

The exception of no cause of action was properly overruled, as it was expressly stipulated that all furnishers of material should have an individual right of action on the bond to insure the collection of their claims. The recital in the bond that the same was given in accordance with Act No. 180 of 1894 does not prevent the instrument from being valid against the surety as a conventional bond to secure workmen and furnishers of supplies.

In the cases of Salmen v. Le Sassier, 106 La. 394, 31 South. 7, and of Hughes v. Smith, 114 La. 298, 38 South. 175, there was no such stipulation in favor of materialmen.

On the merits, we think that the judgment is correct, as the balance of account over the sum of $248.85 was furnished by the plaintiff at the request of the lodge after the contractor had absconded. No judgment was rendered for or against the lodge. The bond sued on was not intended to bind the owner, and there is no statutory liability under Act No. 180 of 1894, as the building was not in any town or city.

The liability of the lodge, if any, on other grounds, cannot be determined in this suit.

It is therefore ordered that the judgment below be affirmed, and that costs of appeal be divided between the appellants.