May 13th, 1912.

————o————

5566.

(Court of Appeal, Parish of Orleans.)

## TEMPLEMAN BROTHERS LUMBER COMPANY, INCORPORATED, vs. JAMES SINNOT; AMERICAN BONDING COMPANY, WARRANTOR.

1. The principal when sued may call his surety in warranty notwithstanding a lack of privity between the latter and the plaintiff.

2. Where the owner, sued by a material-man to enforce the personal liability imposed by Act 134 of 1906 for his failure to record the security in favor of workmen and furnishers of material as required by the Statute, calls the surety on the contractor's bond in warranty, the call in warranty is not premature if all claims as between the owner, contractor and material-men are undisputed.

3. The failure of the owner to record the bond required by Act 134 of 1906, does not discharge the surety.

4. Every means of defense, such as payment, release, etc., which

— 305 —

tends to the extinguishment of an obligation admitted or proved to have once existed, must be specially pleaded and cannot be urged under the general issue.

5. Evidence received without objection does not enlarge the issues when otherwise admissible under the pleadings.

6. A judgment which recites that it was rendered upon a consideration of the evidence adduced is presumed to have been based upon sufficient evidence to support it, though none be found in the transcript, which is affirmatively shown to be incomplete.

7. No proof is required to support a claim of attorney's fees for services rendered in the presence of the Court.

8. By not insisting upon the trial of an exception before the case is tried upon the merits, the parties are presumed to have waived the exceptions.

Chas. I. Denechaud, A. J. Rossi, Ansley, Graham & Ansley, P. M. Milner and R. Peete, attorneys.

Solomon Wolff, attorney for appellant.

GODCHAUX, J.—Plaintiff, a furnisher of material to a building contractor, sues the owner, the defendant, who failed to record the bond which he exacted of the contractor in compliance with Act 134 of 1906. The owner thereupon called in warranty the surety upon the bond of the contractor and the defenses set up by this surety to the call in warranty will be first considered.

The surety primarily denies the right of the principal to call it inn warranty and cites as its authority the following cases: Wesson vs. Garreson, 8 Ann., 136; Anselm vs. Wilson, 8 La., 37; Levy vs. Railway Company, 35 Ann., 615; Brown vs. Copley, 19 La., 474; and Hackett vs. Schiele, 19 Ann., 67. These cases were reviewed at length and the principles they announced were expressly repudiated in the more recent case of Muntz vs.

Algiers Railway Company, 114 La., 437, where it was held that a principal when sued may call his surety in warranty notwithstanding a lack of privity between the latter and the plaintiff. We are unable to find any authority for the proposition advanced that the right of the principal to call his surety in warranty is confined to those cases where the contract of suretyship contains the express covenant to defend.,

## II.

The surety contends that the call in warranty is premature because there has been no settlement of accounts between the owner and contractor; and in this connection the case of **L'Hote Lumber Manufacturing Co., vs. Dugue, 115 La., 669**, is relied upon. The case cited has no aplication for here there is no dispute as between the owner, contractor or material man and no accounts to be settled.

## III.

The bond in question recites that it is given in compliance with Act 134 of 1906 and the surety contends that it was released from liability by reason of the owner's failure to record the bond. In this particular the surety stresses the fact that through the failure of the owner to record the bond, its obligation was enlarged in that it could no longer invoke the prescription of 90 days by Act 134 of 1906.

In the recent case of **In re. Irwin, 126 La. 555**, the Supreme Court held that the claim of the material man against the owner who had failed to record the bond was one open to the same defenses, including that of the 90 days prescription, as the surety might have availed himself of under the act in question. The failure to re-

cord consequently did not enlarge or vary the surety's obligation on the bond. Moreover this Court has uniformly held that the failure of the owner to record the bond required by the statute does not discharge the surety.

> **Mutual Building & Homestead Association vs. Anderson, No. 2251** of our docket not yet reported.
>
> **Demourelle & Sons vs. Vergez, 4 Court of Appeal, 163.**
>
> **Glover vs. Barmore, No. 5254** of our docket, not yet reported.
>
> See, also, **Lake Charles Planing Mill Co., vs. Deposit Co., 127 La. 238.**

## IV.

On the trial, the surety, notwithstanding the owner's objection, sought to introduce evidence to show that it was discharged or released because the owner or principal had paid the contractor at times other than that stipulated in the contract. This defense and all evidence to support it should have been excluded, on the ground that the defense had not been especially pleaded; as all defenses, such as payment, release, etc., which tend to the entinguishment of an obligation admitted or proved to have existed, should be especially pleaded and cannot be urged under the general issue.

## V.

The surety seeks to avail itself of another ground of release or discharge not specially pleaded, namely, that the plans and specifications were altered in a manner violative of the contract provisions, the contention be-

ing that evidence supporting this defense was admitted without objection and that thereby the pleadings were enlarged.

It is unnecessary to determine whether this defense is in fact established, for the evidence received was admissible on other issues between the sundry parties to the litigation and consequently its admission without objection did not have the effect of enlarging the pleadings. Consequently the surety cannot avail itself of the defense.

## VI.

The foregoing constitute the main defenses which the surety urges against the principal's call in warranty. The surety, however, intervened or rather appeared in the main poceeding and by way of exception to plaintiff's demand set up that the latter had failed to show that it was a duly organized corporation and was authorized to do business in the State of Louisiana.

It appears that this exception was twice submitted in the lower Court, and finally there was judgment reciting that upon a consideration of the law and the evidence adduced the exception was overruled.

The transcript does not contain any testimony or evidence in connection with the trials of these exceptions; but the certificate of the clerk affixed to the transcript is incomplete. Under such circumstances this Court must affirm the judgment overruling the exceptions; for a judgment which recites that it was rendered upon a consideration of the evidence adduced is presumed to have been based upon sufficient evidence to support it, though none be found in the transcript, which is affirmatively shown to be incomplete.

If the appellant desired to review the judgment on the

exception it was his duty to have seasonably taken steps to correct the deficiency in the transcript.

## VII.

The plaintiff's claim against the contractor and the defendant owner was undisputed; and it having been proved that an attested account of the claim had been duly served and recorded within the prescriptive period of ninety days, the Court correctly rendered judgment against the owner for the amount of said claim, and a like judgment over in favor of the owner against the surety and the contractor.

The Court likewise rendered judgment for $250.00 in favor of the defendant and against the surety for attorney's fees under a clause in the contract authorizing their recovery when incurred in the enforcement or completon of the contract.

The surety complains of this judgment on the ground that no testimony or evidence was adduced to prove the value of the services rendered. This complaint cannot be sustained, for the services for which recovery is sought were those rendered in this suit in the presence of the Court, and it is well settled that no proof is required in such cases, the Court itself being in a position to determine the extent and value of the services.

It is conceded, however, by the defendant, that this judgment is erroneous in that the lower Court failed to allow a credit of $230.70 retained in the owner's hand for the purpose of satisfying the claim for attorney's fees. An amendment must therefore be made in this particular.

## VIII.

The surety after having been called in warranty filed

what is termed a reconventional demand against the plaintiff, wherein it attempted to hold the plaintiff, or rather certain of its stockholders or officers as indemnitors. The latter filed certain exceptions, but as the entire case on the main demand, on the call in warranty and on the so-called reconventional demand was tried upon the merits without any effort being made to first have the exceptions disposed of, these exceptions must be presumed to have been waived.

On the trial the surety failed absolutely to establish its claim for indemnity and the lower Court properly rejected it.

The judgment is in all respects correct except as to the item of credit for attorney's fees and it will be amended in this respect alone.

It is accordingly ordered and decreed, that the judgment appealed from be amended in respect to the judgment in favor of J. B. Sinnott and against A. J. Gossett & Company and A. J. Gossett and the American Bonding Company of Baltimore, in solido, for the sum of $250.00 for attorney's fees, it being now decreed that said judgment shall be subject to a credit of $230.70.

It is further ordered and decreed, that in all other respects the judgment apealed from be affirmed, the defendant, James B. Sinnott, to pay the costs of appeal.

May 13, 1912.

Rehearing refused, June 19, 1912.

June 20th, 1912, Notice of intention to apply to Supreme Court for writ ,etc.