**118 So.2d 875**

**Mrs. Bertha FRIEDENBURG, widow of Julius H. SCHWARZ**

v.

**Mrs. Ernestine FEDER, widow of Rudolph FRIEDENBURG.**

**No. 44970.**

March 21, 1960.

Cyril F. Dumaine, New Orleans, for defendants.

Puneky & Barrios, New Orleans, for plaintiff-appellee.

HAMITER, Justice.

Mrs. Bertha F. Schwarz (a widow) instituted this suit against Mrs. Ernestine F. Friedenburg (also a widow) seeking to be recognized as the owner of certain real estate located in the City of New Orleans designated by Municipal Numbers 7700–7702 Hickory Street.

Answering, Mrs. Friedenburg asserted ownership of the property. Alternatively, and in reconvention, she demanded judgment against Mrs. Schwarz in the sum of $3,889.52 for repairs allegedly made.

Following the death of Mrs. Friedenburg which occurred during the pendency of the litigation in the district court her testamentary executrix, Mrs. Dorothy S. Moser, was substituted as the defendant. Later, on the suggestion of such executrix, the decedent's sole legal heir was cited and also made a party defendant, she being Mrs. Marcelle J. Bernard. Thereupon, the two defendants adopted the pleadings originally filed by Mrs. Friedenburg.

After trial there was judgment, on the main demand, recognizing Mrs. Schwarz as the owner of the real estate and, on the reconventional demand, ordering that the testamentary executrix, Mrs. Moser, be paid the sum of $2,188.52 (this for the aforementioned repairs made).

In due course the testamentary executrix obtained and perfected an appeal to this court, both suspensive and devolutive, from that part of the judgment which recognized Mrs. Schwarz as the owner of the property. Mrs. Bernard, the sole legal heir, appealed therefrom devolutively.

■ Appellee, Mrs. Schwarz, has moved to dismiss the *suspensive appeal* of the testamentary executrix because (1) the sole legal heir was not joined therein and (2) the bond given therefor is insufficient in amount.

In our opinion the motion to dismiss is without merit.

We know of no law, and none has been cited to us, requiring that all parties seeking to appeal must join together in their efforts to attain that end. In this connection it is to be noted that the two defendants aggrieved by the judgment in the instant cause duly obtained and perfected appeals (even assuming for the sake of argument that it was necessary in litigation such as this for both to do so) and, hence, they are properly before this court.

■ With respect to mover's second assigned reason we have often held that a complaint that an appeal bond is insufficient in amount must be urged first in the court of original jurisdiction. See Succession of Roth, 230 La. 33, 87 So.2d 719 and the cases therein cited.

 

For the reasons assigned the motion to dismiss the suspensive appeal of the testamentary executrix, Mrs. Dorothy S. Moser, is denied.