FRUGÉ, Judge.
Plaintiff, Martha Mae LeJeune Bouillion, instituted suit to have declared the invalidity of a trust and to have ordered the transfer of the trust estate from the Trustee to herself as settlor-beneficiary of said trust.
On September 7, 1965, judgment was entered in favor of plaintiff, and on September 14, by oral motion of Ferman Breaux, a suspensive appeal was granted, appeal bond being set at $350.00. A rule to test the sufficiency of the appeal bond was filed by the plaintiff on September 16, 1965, and on September 17, 1965, defendant Breaux transmitted a check in the amount of $350.00 to serve as the appeal bond. The district court ruled on December 7, 1965, that the amount of $350.00 was insufficient, so setting aside the original appeal bond and fixing the bond for the suspensive appeal at the new amount of $25,000.00, to be furnished within four days or the order granting the suspensive appeal to defendant Breaux would be set aside and dissolved.
Defendant Breaux did not furnish the required amount of the new appeal bond, and plaintiff is now asking this court to dismiss the appeal.
The principal question before this court is whether or not the district court lost its jurisdiction in this matter once the appeal was perfected to this court, and so could not then revise the bond for the suspensive appeal from $350.00 to $25,000.00. Article 2088 of the Code of Civil Procedure reads as follows:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the *323 trial court has no jurisdiction over these matters except to:
(1) Allow the taking of a deposition, as provided in Article 1437;
(2) Extend the return day of the appeal, as provided in Article-2125;
(3) Make, or permit the making of, a written narrative of the facts of the case, as provided in Article 2131;
(4) Correct any misstatement, irregularity, informality, or omission of the trial record, as provided in Article 2132;
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126;
(6) Grant an appeal to another party; or
(7) Execute or give effect to the judgment when its execution or effect is not suspended by the appeal. As amended Acts 1964, No. 4, § 1.”
Since the original appeal bond was held to be insufficient, defendant then had the opportunity to cure this defect by the opportunity provided in Article 5124, which provides in part as follows:
“Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety.”
The jurisdiction of the trial court was not divested and that of the appellate court did not attach where the lower court, on a rule to test the sufficiency of the appeal bond, holds that the bond was insufficient and orders an increase.
The action of the trial court in decreeing the bond insufficient is clearly within its power and jurisdiction under C.C.P. Article 2088, and appellant had sufficient time and notice to cure the defects in the original appeal bond, which he failed to do.
For the foregoing reasons, plaintiff is therefore entitled to have the appeal dismissed since the insufficient and defective bond was not cured by the furnishing of a hew or supplemental bond as required by Article 5124, and the suspensive appeal of defendant Ferman Breaux is hereby dismissed, set aside and dissolved.
Motion to dismiss appeal granted.