PER CURIAM.
On an earlier appeal this case was remanded for trial on the merits. La.App., 177 So.2d 790 (July 30, 1965). On the remand the plaintiffs obtained judgment in the amount of $5,118.
The defendants then took the present suspensive appeal, which was conditioned upon their furnishing bond in the amount of $8,204. The defendants filed their sus-pensive appeal bond timely in this amount within fifteen days of the judgment. LSA-C.C.P. Art. 2123.
The plaintiffs-appellees now move to dismiss the appeal on the ground that sufficient bond was not filed.
The bond was filed timely in the amount fixed by the trial court. The basis of this motion apparently is that the amount so fixed does not satisfy the statutory requirement that a bond for a suspensive appeal from a money judgment should be fixed at 1(4 the amount of the judgment “including the interest allowed by the judgment to the date the security is furnished * * * ”. LSA-C.C.P. Art. 2124(1). (Italics ours.)
As computed, the bond is 1(4 the amount of the judgment together with at least some accrued interest. The thrust of this, very technical complaint is that the amount of interest due was incorrectly calculated,, and so therefore the amount of the bond as. determined by the trial court was $491.11 less than the amount required by the statute..
The record does not reflect that the deficiency in the amount of the bond has been, questioned prior to this motion to dismiss, filed in this court. By statute, appeals may not be dismissed on the ground of insufficient or defective bond unless the party who furnished the bond is first afforded an. opportunity to furnish a new or supplemental bond (LSA-C.C.P. Arts. 5123-5125,. especially 5125[1]) by proper proceedings filed in the trial court[2]. Kennedy v. Perry Timber Co., 217 La. 401, 46 So.2d 312; Succession of Lissa, 194 La. 328, 193 So. 663; Veith v. Villavaso, 170 La. 927, 129 So. 532; Louque v. Hercules Oil Co., 170 La. 355, 127 So. 866; Durel v. Buchanan, 147 La. 804, 86 So. 189; Emmco Insurance Co. v. Gauthier, La.App.Orl., 67 So.2d 499. See also Lee v. Carroll, La.App. 3 Cir., 143 So.2d 417.
For the foregoing reasons, the plaintiffs-appellants’ motion to dismiss the appeal is. denied.
Motion to dismiss appeal denied.

. LSA-C.C.P. Art. 5125 provides : “No appeal, order, judgment, writ, mandate, or process conditioned on the furnishing of security may be dismissed, set aside, or dissolved on the ground that the bond furnished is insufficient or invalid unless the party who furnished it is afforded an opportunity to furnish a new or supplemental bond, as provided in Articles 5124 and 5126.
“No suspensive appeal is allowed from an order or ruling of a trial court requiring or permitting a new or supplemental bond to be furnished as provided in Articles 5124 and 5126.”

. LSA-C.O.P. Art. 2088 provides that,, despite perfection of an appeal, the trial court retains jurisdiction “to consider objections to the form, substance, and sufficiency of the appeal bond, and permit-the curing thereof, in accordance withs Article 5124.”