HOOD, Judge.
This matter is before us on a motion filed by plaintiff-appellee to dismiss the suspen-sive appeal taken by defendant.
Plaintiff obtained a judgment against defendant for $4,630.06, with five percent per annum interest thereon from May 29, 1963, until paid. Defendant took a suspensive and alternatively a devolutive appeal returnable to this court, and the trial court fixed the amount of the appeal bond at $6,000.00 for a suspensive appeal, and at $500.00 for a devolutive appeal. The defendant timely furnished a bond in the sum of $6,500.00 to perfect both appeals.
After the appeal has been perfected, the plaintiff-appellee then filed with the Clerk of this court a motion to dismiss the sus-pensive appeal on the ground that the bond furnished by the appellant was insufficient. He points out that under LSA-C.C.P. art. 2124 the security required for a suspensive appeal must exceed by one-half the amount of the judgment including interest. He argues that the security required for a sus-pensive appeal in this case must be at least $8,325.00, whereas the appeal bond furnished by the defendant is for a lesser amount.
LSA-C.C.P. art. 2088 provides that although an appeal is perfected the trial court retains jurisdiction over the case to “consider objections to the form, substance, and sufficency of the appeal bond.” A footnote indicates that that article codifies the existing jurisprudence to the effect that the lower court retains jurisdiction to test the sufficiency of the appeal bond. Under LSA-C.C.P. art. 5123, a person in interest wishing to test the sufficiency of a bond furnished as security in a judicial proceeding is required to rule the party furnishing the bond “into the trial court in which the proceeding was brought” to show cause why the bond should not be decreed insufficient.
Our interpretation of these articles of the Code of Civil Procedure is that, although the appeal has been perfected and the record has been lodged in the appellate court, the trial court retains jurisdiction for the purpose of considering objections to the form, substance and sufficiency of the appeal bond. The trial court is the proper *672 forum in which the appellee’s motion testing the sufficiency of the appeal bond in the instant suit should have been filed. We, of course, have authority to review the trial court’s action on such a motion. Schwarz v. Friedenburg, 239 La. 427, 118 So.2d 875 (1960); Succession of Roth, 230 La. 33, 87 So.2d 719 (1956); Meyers, Whitty & Hodge, Inc. v. Popich Marine Const., 143 So.2d 739 (La.App. 4th Cir. 1962); Vives v. Fortier, 200 So.2d 901 (La.App. 4th Cir. 1967) ; Bouillion v. Bank of Commerce and Trust Company, 181 So.2d 322 (La.App. 3d Cir. 1965).
For the reasons herein set out, the motion to dismiss the suspensive appeal filed herein is denied.