273 So.2d 582 (1973)
ARROW CONSTRUCTION COMPANY, INC.
v.
AMERICAN EMPLOYERS INSURANCE COMPANY et al.
No. 9189.
Court of Appeal of Louisiana, First Circuit.
February 1, 1973.
Rehearing Denied March 14, 1973.
*583 Richard B. Crowell and Michael S. Tudor, Alexandria, for appellant.
W. Leonard Werner, Baton Rouge, for appellees.
Before LANDRY, TUCKER and PICKETT, JJ.
LANDRY, Judge.
Defendants, Mark C. Smith and Sons, Inc. (Owner), Mark C. Smith, Jr., Mark C. Smith, III, and Succession of Bilwood Smith (Contractor), and American Employers Insurance Co. (Surety), (Appellants), appeal a judgment in favor of plaintiff, Arrow Construction Company, Inc. (Appellee), for the rental value of machinery and equipment furnished by Appellee to a subcontractor on a housing project undertaken by Contractor for Owner and bonded by Surety. We reverse.
The contract was for a 250 unit housing complex. Contractor, the alter ego of Owner, subcontracted the entire project to Tudor Construction Company (Tudor). Certain site preparation work required was re-subcontracted by Tudor to Mason Construction *584 Company (Mason) to whom Appellee furnished manned earth moving equipment. Appellee obtained judgment against Owner, Contractor and Surety in the sum of $1,000.00, plus $100.00 attorney's fees. The trial court rejected Appellee's claim for the sum of $52.00 spent in recording a lien against subject property, and also rejected all of Appellee's demands against Tudor who was also named defendant. Notwithstanding rejection of Appellee's claims against Tudor, said defendant has joined in the appeal taken by Owner, Contractor and Surety. Plaintiff-Appellee has neither appealed nor answered the appeal taken by Appellants.

ON MOTION TO DISMISS THE APPEAL
Appellee has moved to dismiss this appeal on the ground that while Owner, Contractor, Surety and Tudor have appealed, and their names appear as principals on the appeal bond, the bond was in fact signed as principal only by Tudor against whom no judgment was rendered. Appellee contends that since Tudor was exonerated from liability, there is no judgment from which it could appeal, therefore, Tudor was not an appellant since it was a stranger to this appeal. On this premise, Appellee argues there was in effect a failure to file an appeal bond herein by the only parties entitled to appeal consequently this court is without jurisdiction to hear the appeal.
We find Appellee's contention without merit. This is not an instance in which there was a total failure to file an appeal bond, or in which an appeal bond was untimely filed. Here a bond was timely filed. The contention made by Appellee herein addresses itself to the validity of the appeal bond, not the failure to post bond, or the untimely posting of bond. The question posed is whether the bond actually filed meets the requirements of law.
LSA-C.C.P. art. 2088 provides, inter alia, that after an appeal has been perfected, jurisdiction remains in the trial court to "... consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126." Article 5123, above, declares that a party wishing to test the validity or sufficiency of an appeal bond shall rule into court the party furnishing the security to show cause why the security should not be ruled insufficient or invalid. Article 5124, above, prescribes in detail the manner and delay during which an Appellant may furnish supplemental security.
Our jurisprudence is well established to the effect that an appeal will not be dismissed because the appeal bond is invalid or insufficient unless the validity or sufficiency of the bond is first contested in the trial court, and Appellant has been afforded opportunity to supply the insufficiency or cure the invalidity. Blaize v. Cazezu, 208 La. 1081, 24 So.2d 147, and cases therein cited. See also, Bertrand v. Home Indemnity Company, 202 So.2d 670 (La.App.).
Prior to the effective date of LSA-C.C.P. arts. 5123 and 5124, Act 112 of 1916 similarly provided for service of notice upon Appellant of an alleged defect in an appeal bond. The statute also required that Appellant be afforded opportunity to correct a defect and furnish new or supplemental bond. The clear import of all the above statutory provisions is that jurisdiction to try an alleged insufficiency or invalidity of an appeal bond is vested and remains exclusively in the trial courts. Our review of the cases interpreting both the old and new statutes discloses that the jurisprudence has in effect confirmed the concept that the issue is jurisdictional, and that jurisdiction in such instances is vested exclusively in the trial court.
We hold, therefore, that jurisdiction to test the sufficiency or validity of a timely filed appeal bond rests exclusively in the trial courts. It follows that appellate courts are without jurisdiction to initially *585 try such an issue. In these cases, the jurisdiction of appellate courts is limited to review of the trial court's action. Blaize v. Cazezu, above.
The motion to dismiss this appeal is denied.

ON THE MERITS
The record discloses that Appellee fully performed its verbal contract to furnish Mason manned earth moving equipment in site preparation for the private work involved. It is conceded Appellee received no payment from Mason and that the sum of $1,000.00 is due and owing. Appellee, believing it had a lienable claim under our Private Works Act, duly recorded its claim, and ultimately filed suit against Owner, Contractor, Tudor and Surety. Appellee sought recognition of its lien and sale of the liened property to effect payment thereof. Appellants excepted to Appellee's lien as not being timely filed, and also filed an exception of no cause of action based on the claim that the furnishing of manned equipment was not a charge for which a lien is granted under the Private Works Act. Said exceptions were overruled below. After trial, the lower court held Appellee's claim is nonlienable pursuant to LSA-R.S. 9:4801(A). In so holding, the court relied upon Mayeaux v. Lamco, 180 So.2d 425 (La.App.), which held that LSA-R.S. 38:2241, et seq. (The Public Works Act) does not include within its list of lienable claims, a claim for the rental of manned equipment. The lower court reasoned that the Public Works Act and Private Works Act are laws in pari materiae and should be interpreted uniformly.
Notwithstanding its finding that Appellee's claim is nonlienable under the Private Works Act, the trial court allowed recovery upon finding that Apex Sales Company v. Abraham, 201 So.2d 184 (La.App.4th Cir. 1967) was controlling, and stands for the proposition that the fact one did not have a lienable claim does not prevent recovery based upon the terms of the building contract and bond itself. The trial court thus found that, in accordance with the terms of the contract and bond herein involved, Appellants obligated themselves to pay all claims, including those in the nature of Appellee's, in addition to any obligations imposed by the lien laws. In this regard, the trial court noted: "These contractual obligations show clearly that the contractor obligated itself to pay all laborers and furnishers of machinery, which necessarily include manned rental equipment provided by the plaintiff."
Subject contract obligates Contractor to construct the units called for and to "... deliver the same free and clear of all liens, encumbrances and claims whatsoever, in connection with the work performed." The bond in question provides that "... the condition of this obligation is such that if the CONTRACTOR shall truly and faithfully perform said building contract according to its terms, covenants and conditions for the completion and delivery of the work undertaken so that the obligee shall suffer no loss or damage arising by reason of the failure of CONTRACTOR faithfully to perform the above mentioned Contract, and for the payment of all subcontractors, journeymen, cartmen, workmen, laborers, mechanics and furnishers of material, machinery or fixtures, then this obligation shall be null and void ...." (Emphasis supplied.) The bond also provides: "In addition to, but not in limitation of, the other conditions of this bond and the liabilities of the SURETY with respect thereto, it is expressly agreed and understood that this bond is also given in accordance with the provisions of Louisiana Revised Statutes 9:4802, et seq., and that said SURETY is liable for all obligations thereunder."
Plaintiff-Appellee maintains the trial court erred in holding that its claim for manned equipment rental was not lienable pursuant to our Private Works Act. Appellee, of course, argues the trial court correctly awarded judgment pursuant to the terms of the contract and bond. Appellee maintains *586 that even if his claim be nonlienable, the obligations of Appellants under their contract of suretyship are broader than the obligations imposed by Louisiana lien laws, and that the claim comes within these broader obligations. It is Appellee's position that Surety and Contractor are obligated for two things: (1) for the completion and delivery of the work undertaken so that the obligees shall suffer no loss or damage arising by reason of the failure of Contractor faithfully to perform the above mentioned contract, and (2) for the payment of all subcontractors, journeymen, cartmen, workmen, laborers, mechanics and furnishers of material, machinery or fixtures. Appellee also contends that it can hardly be clearer that the parties intended the contract and bond be broader than the contract and bond provided for by Louisiana lien laws, and that these additional obligations run in favor of claims such as Appellee.
Appellants contend the lower court rightly held Appellee's claim nonlienable inasmuch as Appellee was the lessor of manned rental equipment. Appellants next maintain that if Appellee has no lienable claim, then the Private Works Act, particularly LSA-R.S. 9:4803 and 4814, may not be used as the basis of a personal right or cause of action against the owner, contractor or surety on the contractor's bond. Lastly, Appellants urge that if Appellee's claim is based on the contract and bond which allegedly contain contractual provisions broader and more inclusive than our Private Works Act, the issue is one of suretyship or conventional obligation which must be determined by the language employed in the contract and bond. The Appellants then argue that, as in any other contractual agreement, it is the true intent of the parties which must be determined, and that the intent of the parties herein was to assure the owner that he would not have to pay those valid claims and liens which would encumber his property, and it was not the intention of the Contractor and Surety to assume any obligations toward third parties with nonlienable claims and with whom they were not in privity of contract.
The decision of the trial court decreeing Appellee's claim nonlienable is final and unreviewable under the procedural posture of this case. As noted, plaintiff has neither appealed nor answered defendants' appeal. It is well settled that a judgment cannot be changed in favor of an appellee who has neither appealed nor answered his adversary's appeal. LSA-C.C. P. art. 2133; Texas Gas Transmission Corporation v. Hebert, 207 So.2d 368 (La. App.).
Apex, above, relied upon by the trial court is clearly inapposite. In Apex, a lienable claim was involved, and the issue was whether the furnisher of materials was required to file a lien as a condition precedent to instituting suit against the owner, contractor and surety on the contractor's bond.
Assuming, for the sake of argument, and without so deciding, that the bond here involved is a conventional bond, in part containing those obligations imposed by the Private Works Act, and in part containing obligations beyond those provided for in said act; that it is permissible under the law to so provide obligations in addition to those provided by the Private Works Act; and that the added obligations so assumed by the Contractor and Surety include payment of plaintiff's claim for rentals due on leased manned equipment, plaintiff still does not have a cause or right of action on the bond. The issue thus presented is in the nature of suretyship or, more precisely, whether the documents relied upon contain a stipulation pour autri which enables a third party to claim the benefits of an agreement made in his favor by virtue of an agreement in which he has no privity.
We previously dealt with this issue in Gateway Barge Line, Inc. v. R. B. Tyler Company, 175 So.2d 867 (La.App.), which involved a highway construction project. *587 The bond incorporated the provisions of the contract between the prime contractor and subcontractor wherein the subcontractor undertook to furnish a surety bond guaranteeing payment of material, labor and rental equipment. In the performance of the work, the subcontractor rented barges from plaintiff who was not paid. Plaintiff brought suit against the contractor and surety on the subcontractor's bond. Initially the court found plaintiff had no cause of action pursuant to LSA-R.S. 38:2242 (the Public Works Act) because that statute did not provide a lien for rentals furnished in conjunction with a public works contract. Viewing the bond as a conventional performance bond, the court quoted with approval the rule that a performance bond by a contractor or subcontractor which contains a provision for payment for material and labor going into the work, does not give the laborer or furnisher of material a right of action on the bond unless the bond clearly so provides. In so finding, the court also relied upon LSA-C.C. art. 3039 which states that suretyship is not presumed but must be express and is to be restricted to the limits intended by the contract. Based on the language used in the bond, the court in Gateway, above, found that the guarantees made by the subcontractor were to the prime contractor, and did not expressly undertake payment of plaintiff's claim to plaintiff. The court also found the contractor was the sole intended obligee. Considering the possibility of a stipulation pour autri pursuant to LSA-C.C. art. 1890, Gateway affirmed that such a provision is strictissimi juris and, to be effective, must clearly provide that the third person can enforce the obligation for his benefit. Finding such intent lacking, the court rejected claimant's demand in Gateway, above.
The rule that a contract or performance bond containing a provision for payment of laborers and materialmen does not give rise to an action on the bond or contract to furnishers of materials or labor, nor does it constitute a stipulation pour autri in favor of such parties, unless it is clearly so provided, originated with Salmen Brick & Lumber Co. v. LeSassier, 106 La. 389, 31 So. 7. In Salmen, above, a bond in favor of an owner conditioned that the contractor "... shall fully pay all subcontractors, laborers, mechanics, workmen and furnishers ..." was interpreted not to contain such a stipulation in favor of such third parties as to enable them to maintain a right of action on the bond. Numerous other cases have likewise so held. See Hughes v. Smith, 114 La. 297, 38 So. 175; Lhote Lumber Mfg. Co. v. Dugue, 115 La. 669, 39 So. 803; State v. C. S. Jackson & Co., 137 La. 931, 69 So. 751; Carolina Portland Cement Co. v. Carey & Boettner, 145 La. 773, 82 So. 887.
We note several instances wherein recovery has been awarded laborers and materialmen upon performance bonds. We observe, however, that in each instance, the bond was couched in language which clearly indicated intent that such persons have the right to proceed on the bond. In Lake Charles Planing Mill Co., Ltd. v. Grand Lodge I. O. O. F., et al., 127 La. 238, 53 So. 550, recovery on a bond was permitted materialmen because the bond expressly stipulated all materialmen had the individual right to an action on the bond to enforce collection of their claims. In Miller v. Bonner, 163 La. 332, 111 So. 776, laborers and materialmen were permitted to recover under a bond which bound the subcontractor and his surety in solido "... unto W. S. Bonner and unto all subcontractors, workmen, laborers, mechanics and furnishers of materials and supplies ...." In Bickham v. Womack, 181 La. 837, 160 So. 431, the court found that suppliers of material and labor were entitled to proceed upon a bond although they were not specifically named therein. The decision rests upon the finding that the parties intended the bond be written in accordance with the then prevailing law which granted materialmen and laborers a right of action on the bond. No *588 such similar situation exists in this instance.
The rule established in Gateway, above, has been followed in Jimco, Inc. v. Gentilly Terrace Apartments, Inc., 230 So.2d 281 (La.App.), in which the court found the bond sued upon did not expressly give plaintiff a right to sue thereon, consequently, plaintiff had no such right of action.
Nothing in the contract or bond herein sued upon contains evidence of intent to create a cause of action thereon in favor of third persons of the class to which plaintiff belongs. It follows that no such right exists.
The judgment of the trial court in favor of plaintiff, Arrow Construction Company, Inc., is hereby reversed and set aside and judgment rendered herein in favor of defendants, Owner, Contractor and Surety, sustaining the exceptions of no cause and no right of action filed by said defendants, and dismissing plaintiff's action with prejudice; all costs to be paid by plaintiff, Arrow Construction Company, Inc.
Reversed and rendered.