285 So.2d 552 (1973)
Hobart O. PARDUE, Jr.
v.
Katherine Ann Robinson PARDUE.
No. 9473.
Court of Appeal of Louisiana, First Circuit.
August 22, 1973.
On Rehearing November 12, 1973.
*553 John R. Schmidt (John D. Kopfler and Assoc.), Hammond, for appellant.
Paul Fredrickson (Farrier & Fredrickson), Baton Rouge, for appellee.
Before LANDRY, TUCKER and PICKETT, JJ.
TUCKER, Judge.
Mrs. Katherine Ann Robinson Pardue Tackett, the legal tutrix of the children, Bart Pardue and Beth Pardue, filed a motion to make alimony for the children executory and to modify the visitation rights of their father, Hobart O. Pardue, Jr., in order that the visitation would not interfere with the children's religious practices. At the time of trial of the motion, the children's alimony had been made current, and the rule nisi regarding past due alimony was recalled. The trial judge set the father's visitation with his two minor children as follows:
"1. Alternate week ends from 4:30 P.M. Friday until 6:00 P.M. Sunday, beginning on the 12th day of January, 1973.
2. During the summer months from July 1st through July 15th, and from August 1st through August 15th.
3. Two days during Easter holidays, 4 days during Thanksgiving holidays, and 5 days during Christmas holidays. Beginning this year, 1973, defendant in rule shall have his Easter and Thanksgiving visitation so as to include Easter and Thanksgiving days. His Christmas visitation this year, 1973, shall be such that it will not be inclusive of Christmas day. This scheme will be alternated so that defendant in rule would have Easter *554 and Thanksgiving days included in his visitation period one year, Christmas day the next."
The defendant-appellant, who is the plaintiff in rule, appealed, alleging the following grounds of error by the trial court:
"A. Holding that Beth Pardue and Bart Pardue might well not suffer from being exposed to other churches.
B. Granting visitation rights to plaintiff-appellee which would directly interfere with the children's individual and basic right of free exercise of religion of their choice.
C. Indirectly holding that the authority of the parent retaining custody is not complete authority as to the children held in her custody."

MOTION TO DISMISS APPEAL
Defendant in rule, plaintiff-husband, has moved to dismiss this appeal on the ground that the appeal bond, though timely filed, is blank as to amount. Movant contends that since the bond contains no amount, it is the equivalent of not filing a bond at all, consequently, the court lacks jurisdiction to hear the appeal.
Failure of a timely filed appeal bond to specify any amount, or the recitation in an appeal bond of an incorrect amount, are matters which address themselves to the sufficiency of the bond, not the failure to post bond or the untimely filing of bond.
This matter falls squarely within the rule recently announced in Arrow Construction Co., Inc. v. American Emp. Ins. Co., 273 So.2d 582 (La.App.), in which we held that upon perfection of an appeal, jurisdiction remains in the trial court to consider objections to the form, substance and sufficiency of an appeal bond. We also held in Arrow, above, that an appeal will not be dismissed because of alleged insufficiency or invalidity of the appeal bond unless the matter is first contested in the trial court, and appellant is given opportunity to cure same as provided in LSA-C. C.P. arts. 5123, 5124 and 5126. In Arrow, we further held that appellate courts are without jurisdiction to initially try the issue of sufficiency or validity of an appeal bond, and that jurisdiction of appellate courts in such instances is limited to review of the trial court's action. Since we are without jurisdiction in this instance, the motion to dismiss the appeal is denied.
On trial of the rule in question, plaintiff-appellee admitted that he had taken the children to their church only once over a period of months. He also expressed the belief that they should visit around and become acquainted with churches of other faiths besides their own, and the trial judge agreed with him, commenting from the bench to that effect. Mr. Pardue admitted that he did not attend church regularly, and had not been to any church for six months or more. He also testified that if requested, he would take the children to the particular church of their choice if to do so would not interfere with other plans he might have.
The children, Bart and Beth, aged 14 and 11, respectively, testified that they liked to attend their own church, that they were members of a Sunday School class, a youth organization at their church, and the choir. Apparently the distance to their church from their father's home was such that they could not go without transportation being arranged for them. Aside from the children's preference in the premises, their mother is very interested that they attend their own church regularly, and even when visiting their father on alternate week ends. Admittedly, the appellant was made the legal tutrix of the children, Bart and Beth Pardue.
Civil Code articles 224 and 227 set forth a parent's obligations toward his or her children as being the obligations of "supporting, maintaining, and educating" their children. Civil Code article 157 relates this obligation to the parent who later becomes the legal tutor or tutrix of his or *555 her children following separation and divorce. Although these articles do not specifically mention the religious education of the children of the marriage, nor a fostering of their religious practice, we think that unquestionably such tenet is inherent in the rights, duties, and obligations of parents toward their children. L.R.S. 13:1581 regarding the protection of the religious preference of children following adoption indicates by analogy the intent of our legislators to include religious education and practice among the rights and obligations of parents toward children. Furthermore, C.C. art. 157 makes it abundantly clear that the person who is entrusted with the tutorship of the children following separation has the sole and undivided authority over them, ". . . to the same extent as if the other party had died." See also, Bowlin v. Bowlin, 222 So.2d 637 (La. App. 2nd Cir. 1969), and Ogden v. Ogden, 220 So.2d 241 (La.App. 1st Cir. 1969).
As between the parties to this suit, there can be no doubt that the mother of the children, the appellant in rule, has the right to demand that her children have their religious education and training fostered in the church of her choice according to the schedule of her choice. This right, of course, is subject to the reasonableness of the demand as well as the reasonableness and practicality of application and implementation under the attending circumstances. Happily, in this instance, the childrens' preference coincides with that of their mother.
If defendant in rule can reasonably and practically comply with the mother's reasonable desires in this instance regarding religious instruction for the children, and agrees to do so, present visitation rights should be continued contingent upon his compliance therewith. If defendant in rule refuses or does not desire to comply with reasonable demands in this regard, which demands can be carried out within the bounds of reasonableness and practicality, then defendant must suffer a change in visitation privileges eliminating the Sunday visits. We think the foregoing guidelines will enable the trial court, in its broad discretion, to adequately cope with the issue following full factual disclosure on remand.
We suggest, however, that if a change in visitation dates and hours is required that the trial court grant defendant in rule the same amount of visitation time unless, in its wide discretion, it finds it impractical to do so.
We find the tenor of the trial court's remarks, however exemplary, with reference to its own religious views, of little value and application to the problems presented here. Mrs. Pardue, in whose custody the children have been placed, is charged with the prime responsibility of their religious training and education. There is no authority to hobble or dilute this duty.
Under this holding, we find no useful purpose to be served by delving into the constitutional questions raised.
The judgment appealed from is reversed and set aside insofar as it fixes visitation rights for defendant in rule, Hobart O. Pardue, Jr., with respect to his children, Bart Pardue and Beth Pardue, and this matter remanded to the trial court for further proceedings consistent with the views herein expressed. In all other respects, the judgment appealed from is affirmed; all costs of these proceedings to be paid by defendant in rule, Hobart O. Pardue, Jr.
Affirmed in part, reversed in part, and remanded.

ON REHEARING
Before LANDRY, ELLIS and PICKETT, JJ.
LANDRY, Judge.
On application of defendant in rule, Hobart O. Pardue, we granted a rehearing herein limited to the issue of assessment of costs.
Applicant contends that costs incident to the writs taken to this Court and the Supreme Court by appellant should be assessed to appellant inasmuch as both applications were denied. Additionally, applicant *556 suggests that all remaining costs should be assessed against the parties equally considering the case was affirmed in part, reversed in part and remanded for further proceedings.
LSA-C.C.P. art. 2164 provides that an appellate court may tax costs in any manner deemed equitable.
We think applicant's position regarding the costs of writs erroneously taken by appellant is well founded considering the error in regard thereto is chargeable to appellant.
However, considering the rule brought by appellant was necessitated by applicant's actions, we think equity demands the entire proceedings incident thereto be borne by applicant as respondent therein.
Accordingly, the judgment previously rendered herein is amended to cast Mrs. Pardue for costs incident to her applications for writs herein, and all other costs to be paid by Applicant, Hobart O. Pardue. In all other respects, the initial judgment is affirmed.