JONES, Judge.
The Administrator of the succession of Oscar Nichols sued to recover the amount of life insurance policies in force at the time of Nichols’ death. The insurance companies defended on the basis of policy clauses relieving them of liability when death results from suicide within one year after the date of the policies. After a trial on the merits, the trial court held that *884 defendants proved that decedent committed suicide and rejected plaintiff’s demands. Plaintiff appealed.
MOTION TO DISMISS APPEAL
Defendants-appellees filed motions to dismiss plaintiff’s appeal for failing to comply with increased appeal bond requirements imposed by the trial court. A chronology of events leading to the filing of the motion to dismiss follows:
December 11, 1975. Judgment rendered, read and signed in open court. . Counsel for plaintiff moved for orders of devolu-tive appeal which were granted, returnable on or before February 9, 1976. Bond fixed at $2,000.
January 23, 1976. On motion of attorney for plaintiff, the bond heretofore fixed in this case reduced by the court to $500. $500 cash bond posted with the Clerk of Court.
January 30, 1976. Transcript lodged in the Court of Appeal.
March 5, 1976. Rule filed by Ford Life Insurance Company in district court to increase the appeal bond to the sum of $1,000, alleging the reduction to $500 was done without notice to defendant and that the $500 bond is insufficient to cover costs. Rule issued to plaintiff to show cause why the bond should not be increased to the sum of $1,000.
March 15, 1976. Rule to show cause heard and judgment rendered increasing the devolutive appeal bond to the sum of $2,000.
March 18, 1976. Judgment on the rule read, signed and filed in open court.
March 29, 1976. Motion to dismiss appeal filed on behalf of Ford Life Insurance Company. March 31, 1976. Motion to dismiss filed on behalf of Life Insurance Company of Louisiana.
April 8, 1976, Supplemental transcript showing the proceedings on the rule to increase bond filed in the Court of Appeal under certificate of the Clerk of Court dated March 29, 1976. The supplemental transcript does not show the filing of any additional bond.
The principal question before the court is whether or not the district court lost its jurisdiction in this matter once the appeal was perfected to this court and the record lodged in this court. If the lower court did not have jurisdiction, it could not revise the bond for the devolutive appeal from $500 to $2,000.[1]
Article 2088 of the Code of Civil Procedure provides in pertinent part as follows :
The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
* * * * * *
(5) Test the solvency of the surety on the appeal bond as of the date of its filing or subsequently, consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126. .
Article 2124 of the Code of Civil Procedure provides that the security to he furnished for a devolutive appeal shall he fixed by the trial court at an amount sufficient to secure the payment of costs. *885 Pursuant to Article 5123 of the Code of Civil Procedure, defendants ruled plaintiff into court to show cause why the $500 bond should not be decreed insufficient to support the devolutive appeal. After a hearing on the rule, the trial court increased the bond to $2,000.
Article 5124 of the Code of Civil Procedure provides:
Within four days, exclusive of legal holidays, of the rendition of judgment holding the original bond insufficient or invalid, or at any time if no rule to test the original bond has been filed, the party furnishing it may correct any defects therein by furnishing a new or supplemental bond, with either the same surety if solvent, or a new or additional surety . . .
Since the original appeal bond in the instant case was held to be insufficient, plaintiff then had four days to cure this defect.
The trial court action in decreeing the bond insufficient was within its power and jurisdiction under Article 2088. Appellant had sufficient time and notice to cure the defects in the original appeal bond. He failed to do so. Since the insufficient and defective bond was not cured by the furnishing of a new or supplemental bond, the appeal of plaintiff must be dismissed. Bouillion v. Bank of Commerce and Trust Company, 181 So.2d 322 (La.App.3d Cir. 1965). See also Bertrand v. Home Indemnity Company, 202 So.2d 670 (La.App. 3d Cir. 1967); Meyers, Whitty & Hodge, Inc. v. Popich Marine Construction, Inc., 143 So.2d 739 (La.App., 4th Cir. 1962).
The devolutive appeal of William D. Nichols, Administrator, is hereby dismissed, set aside and dissolved.
Motion to dismiss appeal granted.

. We assume, without deciding, that the ex parte reduction of the bond from $2,000 to $600 by the trial judge on motion of plaintiff was not in violation of LSA-C.C.P. art. 963.