DOMENGEAUX, Judge.
ON MOTION TO DISMISS
The plaintiff-appellee, John S. Ellis, moves to dismiss the appeal of the defendant-appellant, G. L. Dozier Development Corporation, on the grounds that the defendant-appellant has failed to perfect its appeal by timely posting the required bond.
This is a suit for a money judgment for architectural fees. Formal judgment was signed and rendered on April 26, 1976, in favor of the plaintiff-appellee in the amount of $20,000.00, and on May 26, 1976, the defendant-appellant moved for, and obtained an order for a suspensive appeal.
The order of appeal set the suspensive appeal bond at $25,000.00. On the same day the defendant-appellant moved for its suspensive appeal, it filed a suspensive ap *660 peal bond in the amount of $20,000.00, which amount was $5,000.00 less than the amount set by the trial court in its appeal Order.
The record was lodged with this court on July 21, 1976, and on August 6, 1976, the plaintiff-appellee filed this Motion to Dismiss the defendant-appellant’s appeal. After the record had been lodged and the plaintiff-appellee had filed his Motion to Dismiss, the defendant-appellant filed on August 9, 1976, a motion to file and/or to remand the appeal in order to file, a new bond in the amount of $25,000.00.
The defendant-appellant has attached to its motion a letter from the trial judge in which the trial judge acknowledges receipt of a letter from the attorney for the defendant-appellant dated July 11, 1976, attached to which was a motion to file a new bond. The trial judge stated in his letter that he did not believe he had jurisdiction to receive a new bond and suggests that the attorney for the plaintiff-appellee contact the clerk of the appellate court.
We disagree with the trial judge. LSA-C.C.P. art. 2088 clearly provides that after an appeal has been perfected, jurisdiction remains in the trial court to “. consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126.”
LSA-C.C.P. art. 5123 declares that a party wishing to test the validity or sufficiency of an appeal bond shall rule into court the party furnishing the surety to show cause why the surety should not be ruled insufficient or invalid. LSA-C.C.P. art. 5124 prescribes in detail the manner and delay during which an appellant may furnish supplemental surety.
Applicable here is the decision of our learned brethren of the First Circuit in Arrow Construction Company, Inc. v. American Employers Insurance Company, 273 So.2d 582 (La.App. 1st Cir., 1973), where that court stated:
“. . . This is not an instance in which there was a total failure to file an appeal bond, or in which an appeal bond was untimely filed. Here a bond was timely filed. The contention made by Appellee herein addresses itself to the validity of the appeal bond, not the failure to post bond, or the untimely posting of bond. The question posed is whether the bond actually filed meets the requirements of law.”
* * * * * *
“Our jurisprudence is well established to the effect that an appeal will not be dismissed because the appeal bond is invalid or insufficient unless the validity or sufficiency of the bond is first contested in the trial court, and Appellant has been afforded opportunity to supply the insufficiency or cure the invalidity.” (Emphasis supplied).
See also: Pardue v. Pardue, 285 So.2d 552 (La.App. 1st Cir., 1973); Bertrand v. Home Indemnity Company, 202 So.2d 670 (La.App. 3rd Cir., 1967); Wilks v. Allstate Insurance Company, 191 So.2d 663 (La.App. 3rd Cir., 1966).
For the reasons herein set out, the motion to dismiss the suspensive appeal filed herein is denied. .
MOTION DENIED.