FORET, Judge.
Don E. St. Romain (plaintiff) brought this action seeking judicial review of the denial of unemployment compensation benefits to him. Named defendants are: The Town of Iowa, plaintiff’s former employer; and the Administrator of the Office of Employment Security, Department of Labor of the State of Louisiana.
The trial court, after reviewing the evidence, concluded that the finding by the Louisiana Board of Review for the Office of Employment Security (the Board) that plaintiff left his job without good cause connected to his work was not supported by the evidence and that the action should be remanded for the taking of additional evidence.
Plaintiff appeals and raises the following issue:
Whether the trial court abused its discretion by
(1) not reversing the ruling of the Board and
(2) by remanding this matter for the taking of additional evidence.
Neither the Town of Iowa nor the Office of Employment Security appealed or answered plaintiff’s appeal. We affirm.
FACTS
Plaintiff quit his job as Assistant Maintenance Supervisor for the Town of Iowa in July of 1980. He applied for unemployment compensation during the latter part of that month. Plaintiff was found unqualified to receive such benefits by the Office of Employment Security, Louisiana Department of Labor (the agency). Plaintiff then sought review of the agency’s determination before an appeals referee of the Appeals Tribunal for the Office of Employment Security. A hearing was held before the appeals referee, who affirmed the agency’s determination. Plaintiff then appealed the decision of the appeals referee to the Board, which reviewed the records in the case and decided that plaintiff’s appeal should be denied. Plaintiff sought judicial review in the trial court.
TRIAL COURT’S ACTION AND PLAINTIFF’S CLAIM
Plaintiff contends that the trial court abused its discretion in this matter in two instances. First, by refusing to reverse the ruling of the Board which upheld the decisions of the agency and the appeals referee, and, second, by remanding this matter to the Board for the taking of additional evidence.
The evidence shows that plaintiff was disqualified for benefits under the provisions of LSA-R.S. 23:1601(1), which provides, in pertinent part:
“§ 1601. Disqualification for benefits
An individual shall be disqualified for benefits:
(1) If the administrator finds that he has left his employment from a base period or subsequent employer without good cause connected with his employment.
LSA-R.S. 23:1634 provides, in pertinent part, the following regarding the scope of judicial review in matters such as this:
"... In any proceeding under this Section the findings of the board of review *1319 as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law. No additional evidence shall be received by the court, but the court may order additional evidence to be taken before the board of review, and the board of review may, after hearing such additional evidence, modify its findings of fact or conclusions, and file such additional or modified findings and conclusions, together with a transcript of the additional record, with the court....”
The record shows that the trial court found that:
“The only testimony considered appears to be that of the claimant personally. That testimony alone is uncontradicted; however, it lends itself to varying interpretations. The finding by the board that claimant left job without good cause connected to the work is not supported by the evidence and therefore should be remanded for the taking of additional evidence.”
Lee v. Brown, 148 So.2d 321 (La.App. 3 Cir.1962), held as follows regarding the discretionary power given the trial court to remand a case to the Board under the provisions of LSA-R.S. 23:1634:
“In the light of these legal principles and in the context of the statutory enactment, therefore, we agree with the Administrator’s contention that the employee is entitled to unemployment compensation when the employer does not prove the alleged disqualification with sufficient evidence at the hearing, just as in criminal proceedings the accused is entitled to an acquittal when insufficient evidence of guilt is produced at his trial. We further agree that in neither instance is a remand the appropriate or the statutorily-contemplated disposition of the insufficiently proven charge.
We are thus in accord with the Administrator’s contentions urged in his brief that it is “inconsistent with the entire Employment Security Act to arbitrarily hold that a case may be remanded without placing some restrictions on this right to remand”, and that “a remand should be permitted only in those instances where the parties have made a reasonable effort to carry their burdens, but, in spite of this reasonable effort, the court feels that it is not possible to make a determination which would do justice to all parties based on the evidence contained in the record.1 A remand should not be permitted where the parties have not made this reasonable effort to carry the burden imposed by law.”
Although we are in accord with the Administrator’s contentions that the court’s power to remand is subject to such restrictions, we nevertheless do not find in the present instance any abuse of the court’s otherwise discretionary power to remand.”
Our review of the record indicates that there probably was sufficient evidence to support the findings of the Board as to the facts, i.e., that plaintiff voluntarily left his employment with defendant, the Town of Iowa, to accept another job with better pay, better working conditions, etc. However, neither of these defendants appealed from the trial court’s judgment, nor did they answer plaintiff’s appeal. Thus, it would be improper for this Court to reverse the trial court’s judgment and render judgment in favor of defendants.
A judgment cannot be changed in favor of an appellee who has neither appealed, nor answered his adversary’s appeal. LSA-C.C.P. Article 2133; Arrow Construction Co., Inc. v. American Employers Insurance Co., 273 So.2d 582 (La.App. 1 Cir.1973); Boswell v. Roy O. Martin Lumber Company, Inc., 363 So.2d 506 (La.1978); Williams v. City of Baton Rouge, 214 So.2d 138 (La.1968).
For the above and foregoing reasons, the judgment of the trial court is affirmed.
All costs of this appeal are assessed against plaintiff-appellant.
AFFIRMED.