DOUCET, Judge.

Motion to Dismiss

The plaintiff-appellee, Collins Dozier Service, Inc., moves to dismiss the suspensive appeal of the defendants, Soreal N.O. Corporation and Ceteno Corporation, on the grounds that the bond furnished was insufficient.
On June 13, 1985, judgment was rendered in favor of the plaintiff, and against the defendants, in the sum of seventeen thousand nine hundred sixty-five dollars ($17,965.00) together with legal interest thereon from date of judicial demand until paid. On July 9, 1985, defendant filed a motion and order for an appeal. On August 5, 1985, defendant deposited with the clerk of court a cash suspensive appeal bond in the amount of thirty-six thousand and five dollars and forty cents ($36,-005.40). The plaintiff alleges that the appeal should be dismissed since the amount furnished is insufficient pursuant to La.C. C.P. article 2124.
In denying a motion to dismiss an appeal on the grounds that appeal bond was insufficient, this Court in Ellis v. Dozier, 337 So.2d 659 at 660 (La.App. 3 Cir.1976) stated as follows:
“... LSA-C.C.P. art. 2088 clearly provides that after an appeal has been perfected, jurisdiction remains in the trial court to ‘... consider objections to the form, substance, and sufficiency of the appeal bond, and permit the curing thereof, as provided in Articles 5123, 5124, and 5126.’
LSA-C.C.P. art. 5123 declares that a party wishing to test the validity or sufficiency of an appeal bond shall rule into court the party furnishing the surety to show cause why the surety should not be ruled insufficient or invalid. LSA-C.C.P. art. 5124 prescribes in detail the manner and delay during which an appellant may furnish supplemental surety.
Applicable here is the decision of our learned brethren of the First Circuit in *634 Arrow Construction Company, Inc. v. American Employers Insurance Company, 273 So.2d 582 (La.App. 1st Cir., 1973), where that court stated:
‘... This is not an instance in which there was a total failure to file an appeal bond, or in which an appeal bond was untimely filed. Here a bond was timely filed. The contention made by Appellee herein addresses itself to the validity of the appeal bond, not the failure to post bond, or the untimely posting of bond. The question posed is whether the bond actually filed meets the requirements of law.’
* sfc # * >jc *
‘Our jurisprudence is well established to the effect that an appeal will not be dismissed because the appeal bond is invalid or insufficient unless the validity or sufficiency of the bond is first contested in the trial court, and Appellant has been afforded opportunity to supply the insufficiency or cure the invalidity.’ (Emphasis supplied).
See also: Pardue v. Pardue, 285 So.2d 552 (La.App. 1st Cir., 1973); Bertrand v. Home Indemnity Company, 202 So.2d 670 (La.App. 3rd Cir., 1967); Wilks v. Allstate Insurance Company, 191 So.2d 663 (La.App. 3rd Cir., 1966).”
In the case before us there is no indication in the record that the sufficiency has been contested, nor that the appellant has had the opportunity to correct any insufficiency, in the trial court. The appeal, therefore, cannot be dismissed.
For the foregoing reasons the motion to dismiss is denied.

Motion Denied.